Argued October 19, 1978, resubmitted in banc April 24,
reversed and remanded April 30, 1979

## STATE OF OREGON, *Respondent,*
*v.*
## GEORGE PHILLIP REICHERT, Appellant.
(No. 104,937, CA 11249)
593 P2d 1298

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief

were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Gregory A. Parker, Assistant Attorney General, Salem.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals his conviction of escape in the second degree based upon his guilty plea entered on the same day he was arraigned and was not represented by counsel. We reverse.

Assuming that defendant knowingly waived his right to counsel at the time of arraignment, the court's acceptance of his plea of guilty on the day of arraignment was in clear violation of ORS 135.380(2), which provides:

> "A defendant with counsel may plead guilty or no contest on the day of arraignment or any time thereafter. A defendant without counsel shall not be allowed to plead guilty or no contest to a felony on the day of arraignment."

The Criminal Law Revision Commission's Commentary to ORS 135.380 states:

> "The main purpose of the section is to try to provide for the efficient and expeditious handling of pleas by the courts, while protecting the rights of the individual defendant during a 'critical stage' of the criminal proceedings against him.
>
> "* * * * *
>
> "Subsection (2) subscribes to the ABA position that even if the defendant has effectively waived counsel, he nonetheless should not be hurried through the plea of guilty process without sufficient time to consider his decision." Commentary to the Proposed Oregon Criminal Procedure Code (1972), § 260 at 154-55.

■ The state's principal contention is that the error, if any, is not reachable on direct appeal, and in a subsidiary argument contends that even if it is, the error is not reversible. Taking the subsidiary argument first, the statute is clear and mandatory. A guilty plea taken from a defendant without counsel on the day of arraignment is the equivalent of no plea. If a conviction based on such a guilty plea is not reversible, then the provision of the statute is not enforceable.

[907]

With respect to appealability, the state relies on ORS 138.050,[1] relating to grounds for appeal from a plea of guilty, which permits the appellate court to consider only the question of whether an excessive, cruel or unusual sentence has been imposed. Here, however, defendant seeks a reversal of his "conviction" because, as a matter of law, there has been no guilty plea and no conviction. In *DeBolt v. Cupp*, 19 Or App 545, 553, 528 P2d 601 (1974), we assumed, without deciding, that when a procedural sentencing issue is a purely legal one, and the record is sufficient to raise it, the legal issue may be raised either on appeal or in a post-conviction proceeding.

■    The record here is complete; no evidentiary hearing is required, and the question is solely a legal one as to the effect of a guilty plea accepted contrary to the mandate of ORS 135.380(2). We hold that because the court had no authority under the statute to accept a guilty plea at the time it did, the plea is voidable and may be attacked on direct appeal. The court had jurisdiction of both the defendant and the subject matter, so the defect is not jurisdictional. Both the plea and the judgment of conviction are on the record and the defendant is in prison.

The dissent suggests that defendant's remedy is something other than a direct appeal, but does not tell us what it is. That is understandable because the

---

[1] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

defect is neither jurisdictional nor constitutional, so the Post-Conviction Hearing Act is not available.[2] Since that act is the exclusive remedy "for challenging the lawfulness of such judgment or the proceedings upon which it is based" (ORS 138.540(1)),[3] it is questionable what that "other remedy" is.

Accordingly, the error may be considered on direct appeal. Defendant's conviction is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

**TANZER, J.,**dissenting.

The majority finds jurisdiction because it wants it. The sole source of our jurisdiction, however, is statutory. It is not judicial whim. We have no authority to act beyond our statutory jurisdiction.

Appellate jurisdiction in this case is regulated in clear and unambiguous terms by ORS 138.050, which provides:

> "A defendant who has pleaded guilty * * * may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. * * * On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment is excessive, unusual or cruel, it shall direct the

---

[2] ORS 135.530(1) provides:

"If the motion to set aside or dismiss is allowed, the court shall order that the defendant, if in custody, be discharged therefrom or, if he has been released, that his release agreement be discharged and his security deposit be refunded as provided by law, unless the court allows the case to be refiled or resubmitted to the same or another grand jury."

[3] Habeas corpus would be available if the assertion were that the illegality of the restraint were "upon grounds *other than* the unlawfulness of such judgment or the proceedings upon which it is based * * *." ORS 138.540(2). (Emphasis added.)

court from which the appeal is taken to impose the punishment which should be administered."

This is such an appeal. The majority does not question the jurisdiction of the trial court over the case or the defendant. The guilty plea and the judgment exist. They may be voidable, but they are not void. Consequently, ORS 138.050 controls and for us to to reach the error on appeal is to exceed our jurisdiction.

The reasoning of the majority is contained in one wrong sentence, one irrelevant sentence and one correct sentence. The wrong sentence purports to tell us why this case is not an appeal from a judgment based on a guilty plea:

"* * * Here, however, defendant seeks a reversal of his 'conviction' because, as a matter of law, there has been no guilty plea and no conviction. * * *"

If the conviction is void, ("as a matter of law * * * no guilty plea and no conviction,") then the remedy is habeas corpus,[1] not direct appeal for the simple reason that if there is "no conviction" there is nothing for defendant to appeal from. Moreover, if, as the majority holds, this is not an appeal by a "defendant who has pleaded guilty * * * from a judgment on conviction" subject to ORS 138.050, then the majority has failed to tell us what else it is.

The irrelevant sentence is:

"* * * In *Debolt v. Cupp*, 19 Or App 545, 553, 528 P2d 601 (1974), we assumed, without deciding, that when a procedural sentencing issue is a purely legal

---

[1] ORS 34.610(1) and (3) provides:

"If it appears on the return [to the writ of habeas corpus] that the prisoner is in custody by virtue of an order or civil process of any court legally constituted, or issued by an officer in the course of judicial proceedings before him, authorized by law, such prisoner shall be discharged only if one of the following cases exists:

"(1) The jurisdiction of the court or officer has been exceeded, either as to matter, place, sum or person.

"* * * * *

"(3) The order or process is defective in some matter of substance required by law, rendering the same void."

one, and the record is sufficient to raise it, the legal issue may be raised either on appeal or in a post-conviction proceeding."

Citing dicta from *DeBolt v. Cupp* may make the majority opinion resemble an authoritative opinion, but it does not expand ORS 138.050.

The majority's correct sentence is:

"The record here is complete; no evidentiary hearing is required, and *the question is solely a legal one as to the effect of a guilty plea accepted contrary to the mandate of ORS 135.380(2). * * *"* (Emphasis added.)

The glaring, indisputable error is that the question of the "effect of a guilty plea" is different than "the question of whether an excessive, cruel or unusual punishment has been imposed" to which ORS 138.050 specifically limits our jurisdiction.

I join in the majority's desire to reach the merits because an error has obviously occurred. Had we jurisdiction, I would vote with the majority, but we do not. The greater error, however, is for a statutorily created court to assume the role of rulers by assuming jurisdiction by fiat where the legislature has expressly limited it. This is not to say that the defendant necessarily has no remedy—only that, if so, direct appeal is not it. Indeed, it is likely that this matter would have been long since resolved had there been a motion in the trial court instead of or prior to—and it seems automatic these days—an appeal.

Schwab, Chief Judge, and Gillette, Judge, join in this dissent.