Argued and submitted March 29, reversed and remanded
for withdrawal of plea of guilty September 15, 1982

LARRY WEST SHIPLEY,
*Appellant,*

*v.*

CUPP,
*Respondent.*

(No. 119,069, CA A22136)

650 P2d 1032

John A. Lien, Salem, argued the cause for appellant. With him on the brief was Lien & Hobson, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks post-conviction relief from his convictions for attempted burglary in the first degree while armed with a deadly weapon and for being an ex-convict in possession of a concealable firearm, contending that he did not knowingly, intelligently and voluntarily waive his right to counsel before pleading guilty and that he was denied effective assistance of counsel at the appellate level.

On May 15, 1978, petitioner appeared in Lane County District Court, apparently pursuant to ORS 135.070,[1] on an information charging attempted burglary in the first degree and being an ex-convict in possession of a concealable firearm. In that proceeding, defendant waived his rights to the aid of counsel and to a preliminary hearing. No plea was, or could have been, entered in district court, because these were felony charges. Sixteen days later, petitioner appeared in circuit court on another information charging the same offenses.[2] In the circuit court proceedings, defendant again waived his right to counsel and pleaded guilty.

---

[1] ORS 135.070 provides:

"When the defendant against whom an information has been filed in a preliminary proceeding appears before a magistrate on a charge of having committed a crime punishable as a felony, before any further proceedings are had the magistrate shall read to the defendant the information and shall inform the defendant:

"(1) Of the defendant's right to the aid of counsel, that the defendant is not required to make a statement and that any statement made by the defendant may be used against the defendant.

"(2) That the defendant is entitled to a preliminary hearing and of the nature of a preliminary hearing. If a preliminary hearing is requested, it shall be held as soon as practicable but in any event within five days, unless such time is extended for good cause shown.

"(3) That if the defendant is on parole, evidence received and the order of the court at the preliminary hearing may be used by the State Board of Parole to establish that probable cause exists to believe that a violation of a condition of parole has occurred; and further, that should the defendant waive the defendant's right to a preliminary hearing, such waiver shall also constitute a waiver of a hearing by the board to determine whether there is probable cause to believe that a violation of one or more of the conditions of parole has occurred."

[2] The information filed in Circuit Court actually designated the charges as attempted burglary in the first degree *while armed with a deadly weapon* and ex-convict in possession of a concealable firearm.

■ In his second assignment[3] petitioner asserts that he was denied effective assistance of counsel on direct appeal, because appellate counsel failed to specify as error 1) lack of a knowing, intelligent and voluntary waiver of petitioner's right to counsel and 2) that petitioner was allowed to plead guilty to two felony charges on the day of his arraignment while without counsel, in violation of ORS 135.380(2).[4] Because petitioner's waiver of counsel was based on information which was correct, in light of our holding in *State v. Shipley*, 39 Or App 283, 592 P2d 237 (1979), petitioner cannot prevail on his first claim, and we need only address the question whether appellate counsel's failure to assign as error a violation of ORS 135.380(2) constitutes a denial of petitioner's constitutional right to the effective assistance of counsel.[5]

■ The standard for reviewing acts or omissions of counsel is set out in *Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981).[6] After noting that any statement of the standard of performance must necessarily be applied subjectively, the Supreme Court stated that in order to be effective,

"counsel must investigate the facts and prepare himself on the law to the extent appropriate to the nature and complexity of the case so that he is equipped to advise his client, *exercise professional judgment and represent the defendant in an informed manner.*

"* * * * *

"In other words, if counsel exercises reasonable professional skill and judgment, a reviewing court will not second guess the lawyer in the name of the constitution, but

---

[3] Because we reverse the denial of post-conviction relief, petitioner's first assignment of error is moot.

[4] ORS 135.380(2) provides:

"A defendant with counsel may plead guilty or no contest on the day of arraignment or any time thereafter. A defendant without counsel shall not be allowed to plead guilty or no contest to a felony on the day of arraignment."

[5] Because a violation of ORS 135.380(2) is neither jurisdictional nor constitutional, petitioner must prove that he was denied his constitutional right to counsel in order to obtain post-conviction relief. *See* ORS 138.530.

[6] In *Krummacher,* the Supreme Court considered the measure of trial counsel's competence. We see no reason, insofar as application of a rule that tests competence is concerned, to differentiate between trial and appellate counsel. *See Rook v. Cupp,* 18 Or App 608, 613 n 2, 526 P2d 605, *rev den* (1974.)

*neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment."* 290 Or 875-76. (Emphasis supplied.)

Petitioner was represented by the Public Defender on direct appeal. Counsel raised four assignments of error, prevailing on one issue. As a result, petitioner's sentence was modified from 25 to 15 years. *See State v. Shipley, supra.* Counsel did not assign as error a violation of ORS 135.380(2). Petitioner asserts that, had appellate counsel done so, this court would have reversed his conviction and remanded the case for trial.

At the outset, we must determine whether a violation of ORS 135.380(2) actually occurred. That statute provides that an unrepresented defendant *may not* plead guilty on the day of arraignment. It is undisputed that petitioner appeared in circuit court on May 31, 1978, and pleaded guilty, while unrepresented, on that day. The state argues that petitioner was actually arraigned in district court 16 days earlier and, therefore, there was no violation of the statute. The state is correct, if the procedure that petitioner underwent in circuit court was not the arraignment referred to in ORS 135.380(2).

As to the time and place of arraignment, ORS 135.010 provides:

> "When the accustory instrument has been filed, the defendant, if he has been arrested, or as soon thereafter as he may be, *shall be arraigned thereon before the court in which it is found.* Except for good cause shown or at the request of the defendant, if the defendant is in custody, the arraignment shall be held during the first 36 hours of custody, excluding holidays, Saturdays and Sundays. In all other cases, the arraignment shall be held within 96 hours after the arrest." (Emphasis supplied.)

As to the scope of arraignment proceedings, ORS 135.020 provides:

> "The arraignment shall be made by the court, or by the clerk or the district attorney under its direction, and consists of reading the accusatory instrument to the defendant, delivering to him a copy thereof and indorsements thereon, including the list of witnesses indorsed on it or

appended thereto if the accusatory instrument is an indict-
ment, *asking him how he pleads to the charge.*" (Emphasis
added.)

Petitioner was convicted on an information filed and
"found" in circuit court. The only court in which petitioner
entered, or could enter, a plea to those charges was circuit
court. Under the statutory definitions, then, petitioner's
arraignment took place in circuit court. His appearance in a
preliminary proceeding in district court on May 15, 1978,
was not for arraignment as that term is used in ORS
135.020 and ORS 135.380(2). Therefore, the acceptance by
the circuit court of petitioner's guilty plea without
assistance of counsel at the time of arraignment clearly
violated ORS 135.380(2).

■      We next consider whether counsel, exercising rea-
sonable professional skill and judgment, and faced with the
facts known at the time of petitioner's appeal, would have
included the violation as an assignment of error. As pre-
sented to this court, the facts are undisputed, and the
statute is clear. The only legal uncertainty that could have
faced the Public Defender at the time of petitioner's appeal
was whether the statutory violation could be brought on
direct appeal pursuant to ORS 138.050.[7] That question was
presented to this court in *State v. Reichert,* 39 Or App 905,
593 P2d 1298 (1979). There we held that compliance with
ORS 135.380(2) is mandatory, and a violation constitutes
reversible error which may be reached on *direct appeal.*

Although *Reichert* was decided one month after
petitioner's appeal was decided, both cases were in the
Public Defender's Office at approximately the same time.

---

[7] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal
from a judgment on conviction where it imposes a sentence that is cruel,
unusual or excessive in light of the nature and background of the offender or
the facts and circumstances of the offense. If the judgment of conviction is in
the circuit court or the district court, the appeal shall be taken to the Court of
Appeals; if it is in the justice of the peace court or municipal court or city
recorder's court, the appeal shall be taken to the circuit court of the county in
which such court is located. On such appeal, the appellate court shall only
consider the question whether an excessive, cruel or unusual punishment has
been imposed. If in the judgment of the appellate court the punishment
imposed is excessive, unusual or cruel, it shall direct the court from which the
appeal is taken to impose the punishment which should be administered."

*Reichert,* in which the issue was raised by direct appeal, was submitted and argued to this court in October, 1978, while petitioner's case, in which the issue was not raised, was argued in January, 1979. The issue in petitioner's case was almost identical to that in *Reichert.* The omission is not one that appears on its face to have been a matter of tactical choice. Absent a reasonable explanation, we find that to omit raising the issue of the trial court's clear departure from the statutory mandate, particularly in light of the facts that it had been raised by the same attorneys in *Reichert* and that a decision in *Reichert* was pending at the time this case was argued, constituted ineffective assistance of counsel of constitutional magnitude.

In so finding, we are not saying that *all* arguable issues must be raised in every appeal, but only that appellate counsel must reasonably exercise professional skill and judgment, thereby assuring defendants of diligently processed appeals. *Rook v. Cupp,* 18 Or App 608, 611, 526 P2d 605, *rev den* (1974).

Reversed and remanded for withdrawal of the plea of guilty.