Argued August 19, appeal dismissed August 30, 1976

STATE OF OREGON, *Respondent,*

*v.*

DELBERT WAYNE BURCHETT, *Appellant.*

(No. 75-2169-C-2, CA 6146)

STATE OF OREGON, *Respondent,*

*v.*

DELBERT WAYNE BURCHETT, *Appellant.*

(No. 75-2170-C-2, CA 6147)

553 P2d 1074

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

PER CURIAM.

## PER CURIAM.

A judgment of conviction having been entered against defendant following his plea of guilty to a felony, defendant appeals, contending that the court erred in refusing to allow him to withdraw his plea of guilty. ORS 138.050 which restricts the right of appeal upon conviction on a guilty plea provides in part:

> "A defendant who has plead guilty or no contest may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment * * *. On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed * * *."

The Oregon Supreme Court held in *State v. Jairl,* 229 Or 533, 541-42, 368 P2d 323 (1962):

> "We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section and no other. Whatever may have been the state of the law at the time ORS 138.050 was enacted, a defendant now has adequate means, provided by the Post-Conviction Hearing Act, by which to assert rights guaranteed by the state and federal constitutions. He is entitled to no more."

Appeal dismissed.