Argued and submitted February 18, affirmed April 13, 1981

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT LEON COLLINS,
*Appellant.*

(No. C 79-10-33508, CA 18035,
No. C 79-10-33547, CA 18036)
(cases consolidated)

626 P2d 929

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Patrick J. Stimac, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

In these two criminal cases, which have been combined for the purposes of appeal, defendant was charged with the crimes of Sexual Abuse in the First Degree and Sodomy in the First Degree. After he was convicted of the sexual abuse charge in a trial to the court, he changed his plea on the sodomy charge to one of no contest and was convicted on that charge as well. On appeal, defendant assigns as error (1) the trial court's failure, *sua sponte,* to find him not guilty on the sexual abuse charge on grounds of insufficient evidence and (2) the trial court's failure, with respect to the no contest plea to the sodomy charge, to advise defendant that, if he were an alien, he might be subject to deportation or other sanction. ORS 135.385(2)(d). We affirm.

■　　As to the first assignment of error, it would benefit neither bench nor bar to have the unfortunate facts of this case spread upon the record. We think that it is sufficient to say that there was sufficient evidence from which a rational trier of fact could have found the defendant guilty of the crime charged. *See State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974); *Jackson v. Virginia,* 441 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979).

We turn to defendant's second contention. The trial court, in accepting defendant's plea of no contest to the charge of Sodomy in the First Degree, did not advise defendant in accordance with the provisions of ORS 135.385(2)(d):

"That if the defendant is not a citizen of the United States conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission into the United States or denial of naturalization."

In *State v. Evans,* 48 Or App 771, 775, 617 P2d 942 (1980), this court held that the failure to advise a defendant in accordance with ORS 135.385(2)(d) was reversible error. The Oregon Supreme Court granted review of our decision and reversed. *State v. Evans,* 290 Or 707, 625 P2d 1300 (1981).

In *State v. Vickroy,* 51 Or App 659, 626 P2d 932 (1981), we reviewed the Supreme Court's opinion in *Evans* and concluded that *Evans* held that the failure

to advise a defendant who pleads guilty of the provisions of ORS 135.385(2)(d) was harmless error if either of two factors was present:

(1)   Defendant was represented by counsel, entered his plea as a result of a plea bargain, and did not raise the court's failure to advise him of the provisions of ORS 135.385(2)(d) at trial;[1] or

(2)   As a matter of fact, it appears from the record in the case that the defendant was probably not an alien. *See State v. Vickroy, supra,* 51 Or App at 662.

■   Turning to the facts of this case, we find that the second prong of the *Evans* test is met. The presentence report in these cases was designated as part of the record on appeal. From an examination of that report, we find that defendant is a United States citizen. It follows that the defendant's convictions should be affirmed.

Affirmed.

---

[1] We reserved in *Vickroy* the question of whether all three of the above factors must be present in order for this prong of the *Evans* test to be applicable. As was true in *Vickroy,* our disposition of this case makes it unnecessary to resolve that question here.