Argued and submitted March 16, affirmed April 13, 1981

# STATE OF OREGON,
## *Respondent,*
### *v.*
# HARLAND DALE VICKROY,
## *Appellant.*

## (No. B59-685, CA 19520)

626 P2d 932

Susan L. Burgott, Eugene, argued the cause and filed the brief for appellant.

R. Wayne Torneby, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

This is a criminal case in which defendant appeals from the sentence imposed after his plea of guilty for the offense of Theft in the Second Degree. Defendant was sentenced to serve a year in jail. He assigns as error (1) the trial court's failure to advise him of the consequences of his guilty plea should he not be a citizen of the United States, *see* ORS 135.385(2)(d), and (2) his sentence. We affirm.

Defendant first contends that the trial court's failure to advise him in accordance with the provisions of ORS 135.385(2)(d)[1] requires reversal, citing our opinion in *State v. Evans,* 48 Or App 771, 617 P2d 942 (1980). However, our opinion in *Evans* was reversed after this case was argued. *State v. Evans,* 290 Or 707, 625 P2d 1300 (1981).

ANALYSIS OF *EVANS*

Two questions were raised by our opinion in *Evans:* (1) Was the failure to advise a defendant in accordance with ORS 135.385(2)(d) in connection with a plea of guilty appealable; and (2) if it was appealable, was it reversible error not to so advise the defendant? Unfortunately, the Supreme Court on review of *Evans* has chosen not to answer fully either question.

As to the first question, the Supreme Court merely said:

"We need not decide in this case whether this defendant had a right to appeal from this judgment of conviction for failure of the trial court to inform him of the consequences of his conviction *if* he was an alien because we affirm the trial court for two other reasons * * *." *State v. Evans,* 290 Or 707, 625 P2d 1300 (1981) (290 Or at 713, emphasis in original.)

This avoidance of a *jurisdictional* decision in favor of a decision *on the merits* is a surprising contrast to the approach that court has insisted upon in other cases. *See, e.g., City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977); *State ex rel Haley v. City of Troutdale,* 281 Or 203, 206, 576

---

[1] ORS 135.385(2)(d) provides:

"(d) That if the defendant is not a citizen of the United States conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization."

P2d 1238 (1978). It is also most distressing, since these appeals will continue and this court will be wasting much valuable time if, contrary to our present view, the trial court's action challenged here is not appealable.

The second issue—the question of reversible error—is the one the Supreme Court *did* purport to decide. Unfortunately, it did so on the basis of (1) a theory not advanced in this court and (2) supplementary evidence submitted after our decision for the purposes of its own review. Based upon those two factors, the resulting opinion is so narrow that it in fact decides only one thing: it was not reversible error to fail to advise Robert Joseph Evans of the provisions of ORS 135.385(2)(d). However, it is our function to glean such guidance as we can from the Supreme Court's opinion.

The court purports to reach its conclusion on two separate and (apparently) distinct grounds:

"* * *[W]e affirm the trial court for two other reasons: (1) Defendant failed to raise [the] question in the trial court and, in any event, (2) any such error was 'harmless error' in this case because it now appears affirmatively from [this] record * * * that *defendant was not an alien* * * *." *Id.,* 290 Or at 713.

We here analyze each ground separately.

*1. Failure to object at trial*

As to the facts, the Supreme Court was at pains to point out certain factors which apparently influenced the outcome: (1) Defendant was represented by counsel. This fact was mentioned by the court at least 5 times in its discussion. (2) The defendant's plea was the result of a plea bargain. The court adverted to this fact at least 7 times, noting at one point that

"* * * what defendant now seeks is to have the benefit of his plea bargain now that the other charges against him have been dismissed and to nevertheless challenge his conviction. * * *" *Id.,* 290 Or at 714.

(3) The issue now asserted by the defendant was not raised at the trial court level. Like the fact of the plea bargain, this factor was mentioned at least 7 times.

The court amalgamated these three considerations in ruling:

> "We hold that as a matter of judicial administration in criminal cases a defendant represented by counsel who makes a plea bargain and then pleads guilty [cannot have his guilty plea reversed for failure of the trial court to advise him pursuant to ORS 135.385(2)(d)]. * * *" *Id.,* 290 Or at 714.

■ The ultimate question is: Must all three of these factors appear in order for this first dispositional prong of the *Evans* analysis to apply? If not, which of the three factors may be dispensed with? This question is somewhat further complicated by the court's language at the end of the same paragraph from which the previous quotation is taken. The court said,

> "* * * Here we are concerned only with the effect of a failure to give the advice which was not brought to the court's attention *and which is not shown to have caused any prejudice to defendant in his decision to plead guilty." Ibid.* (Emphasis supplied.)

Although the matter is certainly not free from doubt, we take the emphasized portion of the above quotation to mean that, at least where the three criteria already discussed are present, any error in failing to give the advice in question is harmless unless something else affirmatively appears in the record to show prejudice to defendant *in his decision to plead guilty.*

## 2. Status of defendant's citizenship

The court also noted in its opinion that, *"in any event,"* the failure to give the advice in question was harmless in that case because, as the supplemented record showed, the defendant was not an alien. There are two difficulties with this prong of the analysis: (1) presentence reports such as that used by the Supreme Court in *Evans* are commonly not included in the record on appeal, and (2) even where they are, it is not nearly as easy as that court apparently assumes it is to determine, from a particular report, that a defendant is necessarily or even probably a citizen. Even the report in *Evans* did not establish citizenship, although the court treated it as if it did.

■ The message of this second prong of the analysis appears to be that, where the record in the case contains

sufficient information to permit the reasonable inference that the defendant is not an alien, failure to give the statutory advice is harmless error. The questions left open are: (1) How much evidence in the presentence report is enough, and (2) what if there is no presentence report?

Finally, the two prongs of *Evans* taken together raise a question which that opinion does not answer: Is either prong, taken alone, a sufficient basis for finding harmless error? It is self-evident that the failure to advise defendant in accordance with ORS 135.385(2)(d) is harmless error if defendant is not, in fact, an alien, because the consequences to an alien of entering a guilty plea have no relevance to a citizen. We conclude, therefore, that the second prong of the *Evans* test, where it is met, is a sufficient basis standing alone for finding harmless error.

The question of the independence of the first—no objection—prong is slightly more troublesome, but we think the answer is the same: it is an independent basis for affirmance. Our reasoning on this point is twofold. First, if the second—defendant is not an alien—prong of the analysis always had to be present, there would be no reason for the other prong. Second, the criteria utilized in the first prong are criteria of a different type than that of the second: the second focuses upon whether, *in fact,* the advice could have a meaningful effect on the decision to plead guilty; the first focuses upon considerations of judicial administration—a bargained plea, presence of counsel, and no objection—which tend to assure that a plea was knowingly and intelligently entered and which apply even if defendant *were* an alien. We conclude that, if either of the two prongs of the *Evans* analysis is met, failure to give advice pursuant to ORS 135.385(2)(d) is harmless error.

### APPLICATION OF *EVANS* TO THIS CASE

In the present case, there is no presentence report in the record on appeal. However, we are nonetheless satisfied that the second prong of the *Evans* test is met. As defendant states in his own brief with respect to his prior convictions,

"The defendant, Harlan Dale Vickroy, plead [sic] guilty to six counts of burglary in 1979 and was sentenced to be imprisoned in the Oregon State Correctional Institute.

After serving 18 months of his 5-year sentence, defendant was paroled."

We think the fact that defendant received a five-year sentence for six felonies and was later paroled demonstrates either (1) that defendant is not an alien, because, if he were, these facts would presumably have already given rise to deportation proceedings, or, (2) if defendant is an alien, the plea entered *here* cannot have more than a *de minimis* effect on the likelihood of his deportation. Accordingly, any error committed by the trial judge in failing to advise defendant of the provisions of ORS 135.385(2)(d) is harmless.

### DEFENDANT'S OTHER CONTENTION

We turn now to defendant's second contention, *viz.,* that the sentence imposed in the case was excessive or cruel and unusual punishment. ORS 138.050.[2] The defendant's offense in this case was the theft of a paint brush. His sentence was one year in jail. At first blush, the sentence appears excessive. However, when viewed in the light of the nature and background of the defendant, it appears far less so. As already noted, defendant was convicted on six counts of burglary in 1979 and sentenced to five years imprisonment. He served 18 months and was paroled. He committed the theft which gave rise to the present case only 26 days after he was paroled.

In view of these facts, we are satisfied that the sentence imposed in this case was not excessive within the meaning of ORS 138.050. *See State v. Dinkel,* 34 Or App 375, 389, 579 P2d 245 (1979). For similar reasons, we conclude that the sentence was not unconstitutionally cruel and unusual. *Ibid.* Affirmed.

---

[2] ORS 138.050 provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."