Submitted on record and briefs February 27,
affirmed April 20, 1981

## STATE OF OREGON,
*Respondent,*
*v.*
## JERRY WAYNE FRIZELL,
*Appellant.*
(No. 78-38555, CA 19365)
627 P2d 21

William D. Young and Spinner & Young, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Jennifer Wieland, Certified Law Student, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from his conviction for Driving While Suspended after he entered a plea of guilty. The only error assigned is the trial court's failure to inform him, as required by ORS 135.385(2)(d),[1] that if defendant was not a citizen of the United States, conviction of a crime could result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization.[2]

Defendant was charged with the offense on November 17, 1978, and was arraigned on December 19, 1978, at which time an attorney was appointed to represent him. The court-appointed attorney was permitted to withdraw on May 29, 1979, because of defendant's failure to maintain contact with him, and on June 12, 1979, a bench warrant was issued for defendant's arrest for failure to appear at a court hearing. That warrant was apparently served on defendant on October 17, 1980, when he appeared and withdrew his previously entered not guilty plea. At that time, he entered a plea of guilty. Prior to defendant's doing so, the court should have, but did not, inform the defendant of the consequences which might flow from the plea of guilty if defendant was an alien.

In *State v. Evans,* 290 Or 707, 625 P2d 1300 (1981), the Supreme Court, in reviewing our decision that failure of the trial court to follow the mandate of the statute required reversal, held that whether the trial court's failure to give the required information to the defendant was reversible depended upon the facts in each case. The court held that the question was waived by the defendant if: (1) defendant was represented by counsel; (2) defendant makes a plea bargain as a result of which he

---

[1] ORS 135.385(2)(d) provides:

"(2) The court shall inform the defendant:

"* * * * *

"(d) That if the defendant is not a citizen of the United States conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization."

[2] We held in *State v. Evans,* 48 Or App 771, 617 P2d 942 (1980), *reversed* 290 Or 707, 625 P2d 1300 (1981), that this question may be raised on direct appeal, notwithstanding ORS 138.050. (*See State v. Reichert,* 39 Or App 905, 593 P2d 1298 (1979). The Supreme Court declined to decide that question in *Evans.*

pleads guilty, and (3) defendant does not raise the question in the trial court. (290 Or at 714.)

We cannot tell from the record before us[3] whether defendant was represented by counsel at the time he changed his plea to guilty, but it appears that he probably was not so represented. His court-appointed attorney had been permitted to resign on May 29, 1979, prior to the change of plea, and the record discloses only that another attorney was appointed to represent defendant on November 6, 1980, subsequent to the change of plea proceedings and sentencing of defendant. Neither can we tell whether defendant objected to the court's failure to give him all of the information which the statute requires be given him before he pled guilty.[4] If defendant did so, the issue would seem to be moot, as we read *Evans,* because in that case defendant would have had the information and would have entered a guilty plea knowing of the consequences which might flow therefrom if he was an alien. It is reasonable to conclude from the stipulated record that defendant did not raise the question in the trial court, and because of our disposition of the case we see no reason to supplement the record.

Even if defendant had been represented by counsel at the change of plea proceedings, his guilty plea did not result from a plea bargain,[5] and therefore one of the three

_____

[3] The record is a stipulated one and contains only the fact of the trial court's failure to follow the statute.

[4] It is not clear from *Evans* why the information required to be given defendant by ORS 135.385(2)(d) differs from that required by subsections (a), (b) and (c) of that section. In *Evans,* the court simply stated that it was only a statutory requirement rather than a constitutional one. The purpose of the statute as a whole is to advise defendant of all of the adverse consequences which might flow from a guilty plea in order that there be no question that the plea be knowing and voluntary — a constitutional concept. We assume that the analysis applied in *Evans* will not be applied with respect to the trial court's failure to advise defendant as required by subsections (a), (b) and (c), even though the facts would justify the conclusion under *Evans* that the question was waived, or that defendant was not prejudiced because his attorney had advised him previously of all of the consequences of pleading guilty.

[5] We assume that the reason the court in *Evans* required that the guilty plea be the result of a plea bargain is that once the state has dismissed other charges against defendant pursuant to the bargain (as was the case in *Evans),* the state is prejudiced if the case is reversed on appeal. If that occurred, defendant could change his plea on the viable charges, but the state might have difficulty undoing the dismissal of the other charges.

apparent prerequisites of the waiver rule enunciated by *Evans* is absent. However, we need not decide whether defendant has waived his right to raise the question in this court because we may dispose of the case on the alternative ground enunciated in *Evans.*

The court in *Evans* also concluded that even if the defendant did not waive the objection, the error would be harmless if the defendant was not prejudiced by the trial court's failure to give him the statutorily mandated information. The record in *Evans* was supplemented in the Supreme Court by the addition of the presentence report. On the basis of information contained in that report, the court concluded that defendant was not an alien, but was a native-born citizen of the United States. It also appeared from the report that defendant had been convicted of crimes in both Hawaii and in Oregon, on the basis of which the court stated: "Had he been an alien at the time of any of those convictions he would presumably have been deported from the United States." (290 Or at 716.)

The record before us does not contain a presentence report, but does include a "Security Release Questionnaire" signed by defendant, in which it is disclosed that defendant was convicted of robbery in Oregon in 1972, received a 10-year sentence, and was on parole at the time he filled out the questionnaire. That questionnaire also revealed that defendant was convicted of escape in 1975, and for two other offenses prior to the 1972 robbery conviction. It seems clear on this record that if defendant is an alien, and if conviction of a crime in the United States could result in his deportation, exclusion from admission to the United States or denial of naturalization, he was already fully exposed to that jeopardy at the time of his guilty plea in this proceeding.

Accordingly, on this record, and based upon the Supreme Court's analysis in *Evans,* we conclude that even if defendant is not precluded from raising the objection for the first time in this court, the conceded error was not prejudicial.

Affirmed.