Argued and submitted January 15, reversed
and remanded for trial May 12, 1982

STATE OF OREGON,
*Respondent,*

*v.*

TIMOTHY CARL DAWSON,
*Appellant.*

(No. 17453 S, CA A22148)

644 P2d 665

Zack M. Lorts, Oregon City, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

ROBERTS, J. Pro Tempore.

## ROBERTS, J. Pro Tempore.

Defendant was charged with driving while suspended, a Class A misdemeanor. ORS 487.560. He appeared for arraignment without counsel, entered a plea of no contest and was sentenced to 30 days in jail. Defendant contends that the court's failure to advise him of certain of his rights as required by ORS 135.385 entitles him to reversal. Defendant assigns as error the court's failure to advise him that by entry of a plea of no contest: (1) he waived his right to trial by jury, his right of confrontation and his right against self-incrimination; (2) he might be adjudged a dangerous offender; and (3) if he were not a citizen of the United States, certain other consequences might result from his plea. Defendant's additional assignments of error are that the court erred in not advising him of his right to appeal and in sentencing him without at least a two-day delay. We first consider defendant's right to raise these errors on direct appeal.

ORS 138.050 provides that, following entry of a plea of guilty or no contest, a defendant's right to appeal is limited to the question of whether the sentence imposed is cruel, unusual or excessive. The state argues, on the basis of this statute, that this court has no jurisdiction to consider the issues raised by defendant. In *State v. Reichert*, 39 Or App 905, 593 P2d 1298 (1979), we considered a similar question of scope of review on appeal following a guilty plea. In *Reichert* the defendant entered an uncounseled guilty plea to a felony charge on the day of arraignment, in violation of ORS 135.380(2). We held that because the court violated the statute by accepting the guilty plea at the time it did, it had no authority to accept the plea, with the result that the plea was voidable and subject to attack on direct appeal. 39 Or App at 908. The same reasoning applies in this case, because we find that the court, acting in violation of ORS 135.385, erred in accepting defendant's plea of no contest.

ORS 135.385 provides:

"(1) The court shall not accept a plea of guilty or no contest to a felony or other charge on which the defendant appears in person without first addressing the defendant personally and determining that the defendant understands the nature of the charge.

"(2)    The court shall inform the defendant:

"(a)    That by a plea of guilty or no contest the defendant waives the right:

"(A)    To trial by jury;

"(B)    Of confrontation; and

"(C)    Against self-incrimination.

"(b)    Of the maximum possible sentence on the charge, including the maximum possible sentence from consecutive sentences.

"(c)    When the offense charged is one for which a different or additional penalty is authorized by reason of the fact that the defendant may be adjudged a dangerous offender, that this fact may be established after a plea in the present action, thereby subjecting the defendant to different or additional penalty.

"(d)    That if the defendant is not a citizen of the United States conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization."[1]

The taped record shows that, on the day defendant appeared, the court was arraigning defendants on various charges including theft, traffic and other offenses. When the first defendant appeared without counsel, the court began to inform her of her rights, then stopped and loudly addressed all present in the courtroom, saying:

"The rest of you in custody should listen carefully because these rights will apply to you as well if you are here in connection with a criminal case."

He then advised the individual who was then before him as follows:

"You have the right to remain silent. Anything you do say can be used against you in court. You have the right to be represented by an attorney. If you are without funds and cannot hire your own attorney, you may apply to the court for court appointed counsel, though it may be necessary for you to repay the county for that service at a later time. If your plea is not guilty, then it is your choice whether to have the case tried before a judge or a jury. The

---

[1] Defendant does not claim that he was not advised of the maximum possible sentence for his offense. ORS 135.385(2)(b). The record indicates that this, in fact, was the only information required by the statute which was addressed to defendant individually.

state would have the burden of proving you guilty beyond a reasonable doubt and you are presumed innocent until they have done so. They must produce witnesses whom you may cross-examine. Also at the trial, if you wish, you may waive your right to remain silent, take the stand and testify in your own behalf or call witnesses to assist you. If you are not a United States citizen, conviction of a criminal offense could result in your deportation and if your plea is eventually guilty to the charge, then you are giving up all rights I've outlined except for the limited right of appeal in the case of a sentence that's too harsh."

For each successive defendant the court announced the maximum sentence possible for his or her offense and asked, "Do you understand your rights in criminal matters?" The rights were not repeated. Each defendant answered in the affirmative.[2] Defendant was the fifth to appear following the general announcement of rights. He, too, answered in the affirmative when asked if he understood his rights.

ORS 135.385(1) requires the court to address the defendant personally and determine that he or she understands the nature of the charge. ORS 135.385(2) requires the court to inform the defendant of the rights set forth in the statute. There is no question that the court individually addressed the defendant in advising him of the nature of the charge and the consequences. Defendant was advised of certain rights in common with other persons before the court. This procedure is appropriate as long as the court subsequently satisfies itself that a defendant was present, heard the rights given the group and understood them. However, the court's recitation to the group fell short of the statutory requirement in making no mention at all of the consequences of a "no contest" plea. The state does not contend that the court's action satisfied the statute, but argues that an evidentiary hearing is necessary to determine whether defendant was in the room and heard his rights.[3] It is beside the point whether or not defendant heard the

---

[2] Except one defendant who was not asked if he understood his rights.

[3] This requirement for an evidentiary hearing, the state claims, makes post-conviction relief, for a violation of defendant's constitutional rights, the proper remedy in this case.

rights as announced to the group if those rights fell short of the statutory requirement.

The state concedes, in addition, that
"the exact question put to defendant unfortunately did not specifically refer to any rights which the group was advised of as a whole, and the record therefore does not reveal which rights he was aware of when he answered in the affirmative."

Following what amounts to a guilty plea, ORS 135.345, in which the defendant waives his rights to trial by jury and of confrontation and his privilege against self-incrimination, the burden is on the state to show that waiver of these rights was knowing and voluntary. *Boykin v. Alabama,* 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969); *Boag v. State,* 44 Or App 99, 605 P2d 304 (1980); *Raisley v. Sullivan,* 8 Or App 332, 493 P2d 745, *rev den* (1972). ORS 135.385 was drafted to ensure the courts' compliance with the requirements of *Boykin.* Proposed Oregon Criminal Procedure Code 154, Commentary § 260 (1972). The state concedes that the record does not indicate that defendant knowingly and voluntarily waived his rights. The court therefore had no authority to accept the plea.

Defendant's conviction is reversed and remanded for a new trial.[4]

**GILLETTE, P. J.,** dissenting.

I thought *State v. Reichert,* 39 Or App 905, 593 P2d 1298 (1979) was wrong when it was decided; time has not persuaded me otherwise. I would therefore dismiss this appeal. As to the merits, were I to reach them, I am satisfied that—whatever the state may have conceded—no error occurred here which justifies reversal.

I respectfully dissent.

---

[4] Because defendant's conviction is reversed, it is not necessary to reach his other assignments of error.