Argued and submitted August 4, obligation to pay restitution and attorney fees
vacated, remanded for resentencing August 24, reconsideration denied October 14,
petition for review allowed November 8, 1983 (296 Or 56)
See 297 Or 248, 683 P2d 1368 (1984)

STATE OF OREGON,
*Respondent,*

*v.*

RODNEY KEITH ELWOOD,
*Appellant.*

(8210 2424; CA A27236)

668 P2d 474

Relan Colley, Corvallis, argued the cause for appellant. With him on the brief was Colley & Colley, Corvallis.

Sally Leisure, Special Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM.

## PER CURIAM

■ Defendant pleaded guilty to two counts of criminal mischief. He assigns error to the trial court's subsequent refusal to permit him to withdraw his guilty pleas. This court has no authority to consider defendant's contentions in this regard on direct appeal. ORS 138.050; *State v. Clevenger,* 64 Or App 183, 667 P2d 9 (1983); *see also State v. Lugo,* 48 Or App 919, 618 P2d 986 (1980); *State v.Slopak,* 3 Or App 532, 475 P2d 421 (1970); *but see State v. Cornelius,* 249 Or 454, 438 P2d 1020 (1968). Defendant's remedy, if any, lies in post-conviction relief.

■ Defendant contends, in the alternative, that the trial court erred in imposing requirements of restitution and repayment of the cost of court-appointed counsel, without determining defendant's present or future ability to pay. The state concedes that the record in this case is not adequate to support a finding that defendant is or will be able to pay restitution and costs. ORS 137.106(2)(a)(b); ORS 161.665(2); *see State v. Smith,* 60 Or App 139, 652 P2d 882 (1982).

The part of the judgment imposing on defendant the obligation to pay restitution and attorney fees is vacated, and the case is remanded for resentencing.