Argued and submitted July 22, 1982, appeal dismissed August 3, reconsideration denied September 16, petition for review allowed October 25, 1983 (295 Or 840)
See 297 Or 234, 683 P2d 1360 (1984)

## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE NEIL CLEVENGER,
*Appellant.*

(81-2006, 81-2389; CA A23835, CA A23836)
(Cases Consolidated.)

667 P2d 9

Ronald K. Cox, Assistant Public Defender, Coquille, argued the cause and filed the brief for appellant.

Daryl Dodson Wilson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

**PER CURIAM.**

Defendant appeals his convictions of theft in the first degree and assault in the second degree, following pleas entered as part of a plea bargain that resulted in the dismissal of several other charges. He assigns error to the trial court's denying his motion to withdraw his plea of no contest to the assault charge and his plea of guilty to the theft charge, contending that the factual basis for the no contest plea ceased to exist as of the time of sentencing and that the guilty plea was rendered involuntary because of certain misrepresentations made by a police officer.

This court is not authorized to consider on direct appeal defendant's claim that the trial court abused its discretion by denying his motion to withdraw his pleas. ORS 138.050; *State v. Lugo,* 48 Or App 919, 618 P2d 986 (1980); *State v. Slopak,* 3 Or App 532, 475 P2d 421 (1970). Only matters relating to the sentence may be considered unless, as a matter of law, there has been no valid guilty plea under ORS 135.380(2)[1] and, therefore, no conviction. *State v. Reichert,* 39 Or App 905, 593 P2d 1298 (1979). If defendant has a remedy, it is under the Post Conviction Act.

Appeal dismissed.

---

[1] ORS 135.380(2) provides:

"A defendant with counsel may plead guilty or no contest on the day of arraignment or any time thereafter. A defendant without counsel shall not be allowed to plead guilty or no contest to a felony on the day of arraignment."