Argued and submitted September 20, 1983, affirmed May 2, reconsideration denied June 29, petition for review denied August 8, 1984 (297 Or 547)

## STATE OF OREGON,
*Respondent,*

*v.*

## ROGER SCOTT ALLEN,
*Appellant.*

(81-958; CA A25922 (Control); A26492)
(Cases Consolidated)

680 P2d 997

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for robbery in the second degree, contending that the trial court should have allowed him to withdraw his guilty plea and that he should not have been sentenced as a dangerous offender. We affirm.

Defendant was indicted for robbery in the first degree, kidnapping in the second degree and ex-convict in possession of a firearm. He entered into a plea agreement with the district attorney that, in exchange for a guilty plea to robbery in the second degree, the other charges would be dismissed. The district attorney also agreed to recommend a five year sentence to run concurrently with a sentence defendant was already serving.

On June 28, 1982, the court accepted defendant's guilty plea and ordered a presentence report. On August 12, the time set for sentencing, the court, on the basis of the presentence report, decided not to be bound by the plea agreement and gave defendant an opportunity to withdraw his guilty plea. Defendant chose not to do so; he was then sentenced to 10 years in prison with a five year minimum. On the district attorney's recommendation, the court then ordered a psychiatric examination to determine whether defendant should be sentenced under the dangerous offender statute. ORS 161.725. At that point, defendant moved to withdraw his plea, contending that the district attorney had breached the plea agreement by recommending the application of the dangerous offender statute. The motion was denied.

On November 12, 1982, the court held a hearing on defendant's status as a dangerous offender. Dr. Weissert, the court-appointed psychiatrist, testified that, because defendant had refused to speak with him, he had had to rely on defendant's Oregon State Hospital and State Prison files in order to make his evaluation. On the basis of these records, which included evaluation by psychiatrists who had previously examined defendant, and informal contacts he had had with defendant over the years, Weissert concluded that defendant "has a propensity to carry out antisocial and illegal acts" and that he is "dangerous to society and should be removed from society." The court, relying on this testimony and the presentence report, found defendant to be a dangerous

offender and, pursuant to ORS 161.725, sentenced him to 30 years. This appeal followed.

■ Defendant first assigns as error the trial court's denial of his motion to withdraw his guilty plea.[1] He claims that the court abused its discretion when it refused to permit him to withdraw his plea after the district attorney recommended dangerous offender sentencing, contrary to the plea agreement. This issue, however, cannot be raised on direct appeal. ORS 138.050; *State v. Elwood,* 64 Or App 422, 668 P2d 474, *rev allowed* 296 Or 56 (1983); *State v. Clevenger,* 64 Or App 183, 667 P2d 9, *rev allowed* 295 Or 840 (1983). If defendant has a remedy, it is under the Post-Conviction Act.

Defendant's remaining assignments of error pertain to the application of the dangerous offender statute, which provides, in part:

> "The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:
>
> "* * * * *
>
> "(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity." ORS 161.725(2).

■ Defendant argues that the crime for which he was being sentenced, robbery in the second degree, ORS 164.405, is not a felony that seriously endangered the life or safety of another as required by ORS 161.725(2). According to defendant, the statutory definition of second degree robbery precludes it from being considered a felony that "seriously endangers" another, because it does not require proof of actual

---

[1] This discussion also applies to the assignment of error raised in defendant's supplemental brief.

force and harm to the victim.[2] Defendant, however, misses the point of ORS 161.725(2). The focus of the statute is on the circumstances surrounding the commission of the felony, not on its statutory definition. Under the statute, the proper inquiry is whether, intended or not, someone's life or safety was *in fact* endangered. *See* Commentary to Oregon Criminal Code § 85 (1971).

In this case, the presentence report sets forth the dangerous circumstances surrounding defendant's robbery of a tavern.[3] According to the report, defendant robbed the bartender at gunpoint, taped her wrists and then, using electrical cord, tied her and another person to the handle of the walk-in cooler. We agree with the trial court that those acts by defendant "seriously endangered the life or safety of another."

Defendant also assigns as error the trial court's admission of certain testimony of Dr. Weissert. He argues that, because the testimony was based on psychiatric evaluation conducted without his having been advised of his *Miranda* rights, it violates the principle of *Estelle v. Smith,* 451 US 454, 101 S Ct 1866, 68 L Ed 2d 359 (1981). In *Estelle,* the Supreme Court held inadmissible at the sentencing phase the testimony of a psychiatrist who had conducted a court-ordered pretrial competency examination without advising defendant of his rights.

We find *Estelle* distinguishable from the present case. In *Estelle,* the psychiatric examination took place after

---

[2] ORS 164.405 defines robbery in the second degree as:

"(1) A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:

"(a) Represents by word or conduct that he is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present.

"(2) Robbery in the second degree is a Class B felony."

[3] Defendant makes no claim on appeal that the trial court improperly considered or admitted the presentence report. He does claim, however, that, under Or Const, Art I, § 11, he was entitled to have a jury determine whether he was a dangerous offender. *See State v. Wedge,* 293 Or 598, 652 P2d 773 (1982); *State v. Quinn,* 290 Or 383, 623 P2d 630 (1981). Because defendant did not raise this issue below, we decline to consider it here. *See State v. Kral,* 55 Or App 212, 214, 637 P2d 1300 (1981).

the defendant had been indicted for a specific crime. *Miranda* warnings were required, because the examination amounted to custodial interrogation. *See Rhode Island v. Innis,* 446 US 291, 100 S Ct 1682, 64 L Ed 2d 297 (1980). In the present case, the examinations defendant attempts to exclude occurred from four to 14 years before the instant crime was committed. They were conducted while defendant was a corrections division inmate and were for use in treatment, parole and other sentence-related determinations. Potential use of the examinations in a later prosecution for crimes not yet (and, one would hope, not ever) committed was wholly unforseen. They did not amount to custodial interrogation and, therefore, *Miranda* warnings were not required.

As his final assignment of error, defendant contends that there was insufficient evidence to show that he was suffering from a "severe personality disorder indicating a propensity toward criminal activity." A review of the record convinces us that there was more than enough evidence to support the trial court's finding.

Affirmed.