Argued and submitted December 5, 1983, affirmed June 5, 1984

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## BRUCE NEIL CLEVENGER,
*Petitioner on Review.*

(No. 81-2006, 81-2389;
CA A23835, A23836; SC 29937)

683 P2d 1360

Ronald K. Cox, Assistant Public Defender, North Bend, argued the cause and filed briefs for petitioner on review.

Kay Kiner James, Assistant Solicitor General, argued the cause for respondent on review. With her on the response to the petition was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General. On the brief in the Court of Appeals were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Daryl Dodson Wilson, Assistant Attorney General.

LENT, J.

Linde, J., concurred and filed an opinion in which Jones, J., joined.

**LENT, J.**

■    The issue is whether on appeal from a judgment of conviction on a plea of no contest the Court of Appeals may "consider" a claim that the judgment was entered in violation of ORS 135.395, which provides:

"After accepting a plea of guilty or no contest the court shall not enter judgment without making such inquiry as may satisfy the court that there is a factual basis for the plea."

Both in the Court of Appeals and in this court defendant specifically proceeds under ORS 138.050,[1] which provides:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

We hold that the claim cannot be addressed on this appeal.

On November 8, 1981, the defendant injured another's ear and was thereafter charged with assault in the

---

[1] ORS 138.040 is the statute granting appellate jurisdiction generally on judgment of conviction of a crime. It provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court, including a judgment where the court imposes a sentence which is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense, and may cross-appeal when the state appeals pursuant to ORS 138.060(3). Upon an appeal, or cross-appeal, any decision of the court in an intermediate order or proceeding may be reviewed. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS 138.071 except as may be provided in ORS 138.050 and 138.510 to 138.680. If in the judgment of the appellate court the punishment imposed by the sentence appealed from is cruel, unusual or excessive, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

second degree. On December 10, 1981, defendant entered a negotiated plea of no contest to that charge. At that time both the prosecutor and defendant's counsel agreed that the victim had suffered serious physical injury.[2] That degree of injury was a necessary element of the crime as charged. *See* ORS 161.015 and 163.175.[3] The trial court made an express finding that there was a factual basis for the plea, accepted the plea and set February 2, 1982, as the date for sentencing.

On December 18, 1981, prior to entry of judgment and sentencing, the victim was reexamined.[4] The hospital record on reexamination showed that the ear had healed.

On January 27, 1982, defendant moved to withdraw his plea of no contest and to enter a not guilty plea and to go to trial thereon. He argued that the information as to the degree of injury resulting from the December 18 reexamination demonstrated that there was not a "serious" physical injury and, consequently, there was no factual basis for a plea of no contest. He cited ORS 135.365, which provides:

"The court may at any time before judgment, upon a plea of guilty or no contest, permit it to be withdrawn and a plea of not guilty substituted therefor."

---

[2] In the presence of the defendant the prosecutor stated that the victim had suffered a puncture of her eardrum and a substantial loss of hearing. Defendant's counsel stated that that was his understanding of the facts and that he felt that the described injury would support a verdict of guilty. The defendant stated that he did not wish to contest the truth of the facts stated by the prosecutor and thereupon entered his plea of no contest.

[3] ORS 161.015(7) defines "serious physical injury" as follows:

" 'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

ORS 163.175 defines the crime of Assault II as follows:

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another;
* * *

"* * * * *

"(2) Assault in the second degree is a Class B felony."

[4] The hospital record discloses that the victim had been examined on the day of injury and was found to have suffered a perforation of the eardrum and loss of hearing. She was reexamined on November 19, 1981, at which time she was "hearing fine."

The trial court considered the motion on February 2, 1982, prior to pronouncing sentence and stated:

> "The no contest plea basically is saying that Mr. Clevenger agrees that the facts are as stated, and the facts stated to me at the time were that she had suffered a broken eardrum that might not heal. I think the facts could be well within the defendant's knowledge that eardrums, from research or whatever, can be repaired and that it may or may not be serious physical injury. By pleading no contest, he accepted the facts as stated. They were all known to him at the time he did that. In fact, as I recall, we went specifically over the facts. He was aware of those at the time, so I will deny that."[5]

On appeal defendant assigned as error the denial of the motion. He argued that:

> "The only judgment to be made is whether under the facts there was still a factual basis for the plea remaining at the time of sentencing."

The state argued that the trial court did not err in denying the motion and that the issue could not be considered on direct appeal. The state contended that the defendant's only remedy was under the Post-Conviction Hearing Act, ORS 138.510 to 138.680, and that the appeal must therefore be dismissed.

The Court of Appeals, per curiam, dismissed the appeal, holding:

> "This court is not authorized to consider on direct appeal defendant's claim that the trial court abused its discretion by denying his motion to withdraw his pleas. ORS 138.050; *State v. Lugo,* 48 Or App 919, 618 P2d 986 (1980); *State v. Slopak,* 3 Or App 532, 475 P2d 421 (1970). Only matters relating to the sentence may be considered unless, as a matter of law, there has been no valid guilty plea under ORS 135.380(2) and, therefore, no conviction. *State v. Reichert,* 39 Or App 905, 593

---

[5] We assume, *arguendo,* that the "inquiry" made by the trial court was not sufficient to satisfy ORS 135.395. On the other hand, the Commentary by the Criminal Law Revision Commission, Final Draft and Report, November, 1972, noted that there was no such statutory requirement theretofore and stated:

> "The scope of the inquiry would be left to the court's discretion and the section is not intended to require a 'mini-trial' on the facts of the case."

Neither in the written motion nor in the oral argument thereon did the defendant cite ORS 135.395 to the trial court. Had defendant drawn the statutory command to its attention, the trial court might have made further inquiry.

P2d 1298 (1979). If defendant has a remedy, it is under the Post Conviction Act." (Footnote omitted)

64 Or App at 183.[6]

We allowed the defendant's petition for review because it appears that there are conflicting decisions concerning whether rulings on motions of this kind may be addressed on direct appeal from a judgment on a plea of guilty or no contest.[7]

The statute which is now ORS 138.050 was first enacted in 1945. Or Laws 1945, ch 62, § 1.[8] This court had

---

[6] As stated in the text of this opinion, the state argues that defendant's remedy is under the Post-Conviction Hearing Act. In *State v. Gidley,* 231 Or 89, 371 P2d 992 (1962), discussed later in the text of this opinion, the state made the same assertion, citing ORS 138.050 and *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962). In *State v. Cornelius,* 249 Or 454, 438 P2d 1020 (1968), also discussed later in the text of this opinion, in contending that the defendant could not raise issues other than the nature and extent of punishment on appeal from conviction on a guilty plea, the state asserted that defendant's other claims of error "could only be raised by post-conviction proceedings," citing ORS 138.050 and *State v. Dixon,* 238 Or 121, 393 P2d 204 (1964). In *State v. Evans,* 290 Or 707, 625 P2d 1300 (1981), the state argued in the Court of Appeals that the claim of error "is a matter for post-conviction."

[7] In addition to the cases from this court discussed in the body of this opinion, we note what appear to be not entirely consistent decisions of the Court of Appeals. In *State v. Slopak,* 3 Or App 532, 475 P2d 421 (1970), the court held that ORS 138.050 limits a plea convicted felon's right of appeal to sentence review. *Accord, State v. Wallace,* 4 Or App 362, 477 P2d 907 (1971); *State v. Van Valkenberg,* 10 Or App 51, 498 P2d 797 (1972); *State v. Burchett,* 26 Or App 637, 553 P2d 1074 (1976); *State v. Lugo,* 48 Or App 919, 618 P2d 986 (1980); *State v. LaRoda,* 50 Or App 181, 622 P2d 756 (1981); *State v. Elwood,* 64 Or App 422, 668 P2d 474 (1983).

In *State v. Reichert,* 39 Or App 905, 593 P2d 1298 (1979), the Court of Appeals held that when the question is one of law the court can consider the effect of a guilty plea accepted contrary to statute. *Accord, State v. Evans,* 48 Or App 771, 617 P2d 942 (1980), reversed on other grounds, 290 Or 707, 625 P2d 1300 (1981); *State v. Frizell,* 51 Or App 763, 627 P2d 21 (1981); *State v. Vickroy,* 51 Or App 659, 626 P2d 932 (1981); *State v. Collins,* 51 Or App 651, 626 P2d 929 (1981); *State v. Dawson,* 57 Or App 420, 644 P2d 665 (1982).

[8] Oregon Laws 1945, chapter 62, section 1 provided:

"An appeal may be taken by the defendant who has plead guilty from a judgment on conviction, where the judgment of conviction imposes an excessive fine, or imposes excessive, cruel or unusual punishment. If the judgment of conviction is in the circuit court, the appeal shall be taken to the supreme court; if in the district court or the justice of the peace court, or municipal or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question as to whether an excessive fine has been imposed, or excessive, cruel or unusual punishment has been inflicted which is not proportionate to the offense. If, in the judgment of the appellate court, the fine imposed or the punishment inflicted is excessive, unusual or cruel and not proportionate to the offense, it shall

earlier decided *State v. Lewis,* 113 Or 359, 230 P 543, 232 P 1013 (1925). Defendant had appealed from a judgment on a conviction on a plea of guilty, assigning as error the denial of his motion after judgment to vacate the judgment and for a "new" trial. At the outset the state challenged the jurisdiction of this court to entertain the appeal. In construing the forerunner of present ORS 138.040, providing that an "appeal to the Supreme Court may be taken by the defendant from a judgment on a conviction in a Circuit Court," the opinion states that it is "obvious" that the statutory text included judgments entered on pleas of guilty. After pointing out that a plea of guilty admits every fact alleged in the indictment, is a confession of guilt and is the "highest kind of conviction," the court held that the statute was intended to give a defendant the right to have error of law corrected in such matters as trial court jurisdiction, sufficiency of the indictment and imposition of a sentence in excess of that provided for by statute. On this point the court concluded:

"The objection that the defendant cannot appeal because of his plea of guilty cannot be sustained."

The court disposed of the case by holding that the only issue was whether the trial court abused its discretion in denying the motion and that it did not.

*State v. Bloor,* 229 Or 49, 365 P2d 103, 365 P2d 1075 (1961), and *State v. Burnett,* 228 Or 556, 365 P2d 1060 (1961), have been cited as post 1945 cases holding that errors of law may be reached on appeal from judgment on conviction on guilty pleas. In *Bloor* defendant pleaded guilty and was sentenced. Later he brought post-conviction proceedings resulting in a judgment that he must be resentenced. Before the sentencing trial court resentenced, defendant moved under former ORS 135.850 (now ORS 135.365)[9] to withdraw his plea

---

direct the court from which the appeal is taken to impose the punishment which should be administered."

The section has been amended several times in particulars not important to this opinion. A 1977 amendment has importance and will be discussed in the text of this opinion in connection with our review of *State v. Biles,* 287 Or 63, 597 P2d 808 (1979).

[9] Former ORS 135.850:

"The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted therefor."

ORS 135.365 extends the same treatment to a plea of no contest.

of guilty and enter a not guilty plea. The trial court denied the motion and resentenced defendant, who then appealed, assigning as error the denial of the motion. This court affirmed, holding that the trial court could only be reversed for abuse of discretion and that abuse was not shown. Neither in the briefs nor in the opinion was there any discussion of the basis for entertaining an appeal on a judgment entered on a guilty plea or of the scope of appellate review.

In *State v. Burnett, supra,* defendant pleaded guilty and appealed, assigning error for denial of his timely motion to withdraw that plea under former ORS 135.850. This court stated that the only issue was whether the trial court abused its discretion under that statute. As was the case in *Bloor,* neither in the briefs nor in the opinion is there any discussion of appellate jurisdiction to review the claim of error that was made.

Three months after the decisions in *Bloor* and *Burnett,* this court considered *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962). There the defendant pleaded guilty and after judgment appealed, assigning as error: (1) the trial court's failure to rule upon a motion to dismiss, (2) the trial court's proceeding without ascertaining that there was good cause for timely failure to return an indictment, and (3) the trial court's pronouncement of sentence in the absence of defendant's counsel. This court, on its own motion, raised the issue of appellate jurisdiction. The court pointed to the well settled rule of law that appellate jurisdiction is a creature of statute. The court stated that ORS 138.040 was the only statute under which these claims of error might be reached. The court noted the decision in *State v. Lewis, supra,* and the enactment of ORS 138.050 in 1945. The opinion then briefly reviewed three post-1945 cases that had equivocal language as to the scope of review arising under ORS 138.050. In holding that the alleged errors could not be addressed in an appeal from a judgment on conviction on a plea of guilty, the court in *Jairl* said:

"We believe that the legislature intended to prohibit appellate review of convictions based upon a plea of guilty except to the limited extent granted by ORS 138.050. The restrictive language of ORS 138.050 would have no effect if a defendant could appeal alternatively under ORS 138.040 and 138.050 or concurrently under both statutes. ORS 138.050

must be held to overrule by implication the interpretation which this court placed on ORS 138.040 in *State v. Lewis.*

"We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section and no other. Whatever may have been the state of the law at the time ORS 138.050 was enacted, a defendant now has adequate means, provided by the Post-Conviction Hearing Act, by which to assert rights guaranteed by the state and federal constitutions. He is entitled to no more.

"The appeal is dismissed."[10]

*State v. Gidley,* 231 Or 89, 371 P2d 992 (1962), is cited as a decision authorizing appellate review of denial of a motion to change plea where the judgment of conviction was on a guilty plea. That is not so. In the second paragraph of the opinion the court, noting *State v. Jairl, supra,* held that this court had no authority to consider any question other than "whether the punishment was excessive, cruel or unusual, and not proportioned to the offense." This court went on, however, to consider the merits of a claim by defendant that the trial court abused its discretion in refusing to allow him to change his plea. This court did so only because it found that the state had "conceded" that the question was properly before this court. This court expressed its doubt as to the validity of the concession because of the decision in *Jairl.* Indeed, there should have been no doubt; a court does not acquire jurisdiction by concession. The merits of that issue should not have been reached or decided.

Two other decisions of this court can best be described as puzzling. They are *State v. Cornelius,* 249 Or 454, 438 P2d 1020 (1968), and *State v. Evans,* 290 Or 707, 625 P2d 1300 (1981). In *Cornelius* the defendant had pleaded guilty but before judgment sought to change his plea. His motion was disallowed, and after judgment he appealed, assigning denial of the motion as error and "numerous" other errors. In its brief the state asserted that the appeal must be dismissed because the errors assigned were not within the authority of the court to consider under ORS 138.050. Addressing that

---

[10] *See State v. Dixon,* 238 Or 121, 393 P2d 204 (1964), citing *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962), for the rule that "[a]fter a plea of guilty, only the excessiveness or illegality of the sentence may be considered upon an appeal."

issue, this court first held that *State v. Jairl, supra,* was controlling, noting the text of that opinion:

" 'We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section [excessive, cruel or unusual punishment] *and no other.* * * * [A] defendant now has adequate means, provided by the Post-Conviction Hearing Act, by which to assert rights guaranteed by the state and federal constitutions. He is entitled to no more.' (Emphasis supplied.) 229 Or at 541, 542."

249 Or at 456-457. This court specifically found that defendant's "many complaints of error contain nothing about alleged excessiveness of penalty." Despite the foregoing, the court went on to consider whether the trial judge abused his discretion in denying the motion to change plea, stating that "we may review" that issue under the authority of *State v. Burnett, supra.* As we have noted, *supra,* whether this court "may" do so was not even considered in *Burnett.*

In *State v. Evans, supra,* defendant had pleaded guilty and after judgment appealed, assigning as error the failure of the trial court to advise him that conviction could result in deportation if he was an alien. The Court of Appeals decided that the issue could be reached in an appeal pursuant to ORS 138.050 and reversed and remanded. This court allowed the state's petition for review. We first noted the state's objection that the claim of error could not be reached in an appeal under ORS 138.050. Quite inexplicably, we then stated that we need not decide whether there was appellate jurisdiction because the defendant could not prevail on the merits. It must be conceded that criticism of that approach is entirely justified. *See, e.g., State v. Vickroy,* 51 Or App 659, 661, 626 P2d 932 (1981).

We now return to some further consideration of *State v. Jairl, supra.* In the construction of ORS 138.040, coupled with its interpretation in *State v. Lewis, supra,* vis-a-vis ORS 138.050, this court in *Jairl* did not select the only arguable result. That decision hinged upon a conclusion that the legislature intended to overrule *Lewis.* Unfortunately, legislative history was not then as available as it is now. We have no record of the testimony or debate in committee or on the floor concerning the purpose of ORS 138.050. It must be

remembered that prior to the enactment of that statute in 1945, the decision in *Lewis* had established the right of a defendant to appeal even though he had pleaded guilty. In enacting subsequent legislation, the legislature is considered to be aware of this court's decisions, *State v. Waterhouse,* 209 Or 424, 307 P2d 327 (1957). At the time when *Lewis* was decided, and later when ORS 138.050 was enacted, ORS 138.040 did not provide, as it has since 1977, for sentence review. The 1945 legislature might have not intended at all to overrule *Lewis;* it might have intended only to limit the grounds for sentence review, leaving to a defendant the right to raise any question he could have raised on appeal pursuant to ORS 138.040.[11]

■ The fact remains, however, that *Jairl* was decided by this court and that the holding is squarely in point. In *Jairl* this court did not interpret a constitutional provision; it interpreted a statute. Statutory interpretation particularly implicates the rule of *stare decisis.* When this court interprets a statute, that interpretation becomes "a part of the statute as if written into it at the time of its enactment." *State of Oregon v. Elliott,* 204 Or 460, 465, 277 P2d 754, *cert den* 349 US 929, 75 S Ct 772, 99 L Ed 1260 (1955). Compare the statement in *Cottrell v. C.I.R.,* 628 F2d 1127, 1131 (8th Cir 1980):

> "The doctrine of *stare decisis,* weighty in any context, is especially so in matters of statutory construction. For in such cases Congress may cure any error made by the courts. Until it does, the bar and the public are justified in expecting the courts, except in the most egregious cases, neither to depart from previous interpretations of statutes, nor to give them a grudging application."

At first blush, it seems that our decision in *State v. Biles,* 287 Or 63, 597 P2d 808 (1979), is a departure from the rule of *State v. Jairl, supra.* We believe not. In *Biles* defendant pleaded no contest. Both defendant and his counsel stated in open court that there was no need for a presentence report.

---

[11] Article IV, section 20, of the Oregon Constitution provides that the subject of every legislative Act shall be expressed in the title. For what it may be worth in construing legislative intent, the title to the 1945 Act was:

"Authorizing an appeal from a sentence on a plea of guilty where the fine imposed is excessive, or the punishment inflicted is excessive, cruel or unusual."

After judgment defendant appealed. The only assignment of error was:

"The circuit court erred in failing to state the reasons for the sentence imposed."

Neither the state nor the defendant in the Court of Appeals raised ORS 138.050 or any question as to the jurisdiction of that court to address the claim of error. The Court of Appeals reversed and remanded for resentencing, not only for the claimed error of failure of the trial court to state its reasons for the sentence as mandated by ORS 137.120(2), but for the additional reason, not raised by the defendant, that the trial court had failed to "order and consider" a presentence report as required by ORS 144.790(1).[12]

We allowed the state's petition for review. In this court the state challenged appellate jurisdiction, contending that under ORS 138.050 the defendant was limited to questioning the excessiveness of his sentence. We found that ORS 138.050 had been amended since the time of our decision in *Jairl*. In 1977 the legislature, in the same Act making it mandatory for the trial judge to procure and consider a presentence report, added to ORS 138.050 language requiring an appellate court, in considering the excessiveness of a sentence in an appeal under ORS 138.050, to examine the sentence

"in light of the nature and background of the offender or the facts and circumstances of the offense."[13]

We held that the mandate to appellate courts in the amendment required that appellate courts could reach this kind of procedural error. We said that appellate courts

"must necessarily possess the power to require trial court compliance with the procedural statutes that make performance of those duties possible."

287 Or at 68. We conclude that *Biles* is not contrary to *Jairl*.

---

[12] The Court of Appeals implicitly rejected the state's claim that the defendant could, and did, waive a presentence report, holding that the legislature had commanded that the trial court should have the benefit of such a report in order properly to advise the court to pronounce sentence.

[13] ORS 138.040 was also amended by the same Act, Or Laws 1977, ch 372, § 13, to require "substantive" sentence review in appeals under ORS 138.040.

If the legislature has not already provided a remedy other than direct appeal for failure of a trial court to follow the command of ORS 135.395, it is free to do so and to select what that remedy shall be. Meanwhile, this court need not embark on that errand.

To the extent that *State v. Bloor, State v. Burnett, State v. Gidley, State v. Cornelius* and *State v. Evans,* all *supra,* could be considered to hold contrary to *State v. Jairl, supra,* and this decision, those decisions are overruled.

The decision of the Court of Appeals is affirmed.

**LINDE, J.,** concurring.

I agree that defendant's claim in this case, an asserted error in accepting a guilty plea, cannot be raised in an appeal under ORS 138.050. I am less certain, however, that such a claim is not within appellate jurisdiction under ORS 138.040, quoted in the Court's footnote 1.

The Court observes that such an appeal was understood to be the law before the predecessor of ORS 138.050 was enacted. *State v. Lewis,* 113 Or 359, 230 P 543, 232 P 1013 (1925). That 1945 statute, prescribing appellate review of sentences imposed on pleas of guilty, did not in terms amend the predecessor of ORS 138.040 or say anything about challenges to the conviction rather than the sentence. It seems unlikely, when the validity of a guilty plea long could be reviewed by appeal, that the legislature would do away with this means to scrutinize an allegedly invalid conviction, and do so *sub silentio* in the course of regulating review of sentences.

Acceptance of a guilty plea may be improper for a number of reasons, at least some of which would go to the essence of the plea and of the supposed guilt that it is taken to establish. There might even be a claim that the purported plea was not made, or made to a different offense, or when the defendant was incompetent to make an intelligent plea. The notion that, once a trial court enters a plea of guilty, the validity of the court's action cannot thereafter be reviewed is so improbable that I would expect the legislature to make such a change only explicitly.

In short, I think that *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962), which the Court follows today, may well have been wrongly decided. Its argument, quoted by the Court, that ORS 138.050 would be meaningless if it did not intend to overrule *State v. Lewis, supra,* is not compelling. In fact, ORS 138.050 can easily be read to mean that "[a] defendant who *[validly]* has pleaded guilty or no contest *[nevertheless]* may take an appeal" challenging only the sentence. (Italicized words added). Appeals challenging the trial court's action with respect to the plea would remain under ORS 138.040.

It is impossible to reconstruct the intention of the 1945 Legislative Assembly now, and the Court considers itself bound by *State v. Jairl.* It puts off the incongruous possibility that there might be no forum to review an allegedly invalid plea of guilty or no contest by noting the State's repeated contention that the proper remedy is post-conviction relief under ORS 138.510 to 138.680. Perhaps it is true that even in the absence of any inadequacy of counsel when such a plea was entered, a court's improper acceptance and refusal to set aside the plea is of constitutional magnitude as a denial of the right to trial guaranteed by Article I, section 11 of the Oregon Constitution.

Because I agree that once this court has considered and decided on the interpretation of a statute, the interpretation should be considered settled, *cf. State v. Newton,* 291 Or 788, 636 P2d 393 (1981), and because the holdings inconsistent with *State v. Jairl* did not set forth a competing interpretation of ORS 138.050, I concur in the decision. Whether post-conviction proceedings or appeal is the preferable procedure to review a challenged entry of a guilty plea is something the legislature can consider in reviewing the sentencing laws, as the Court observes.

Jones, J., joins in this concurring opinion.