Argued and submitted July 20, appeal dismissed August 29, reconsideration denied October 19, petition for review denied November 6, 1984 (298 Or 172)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN ENNIS McCALLISTER,
*Appellant.*

(83-6-247; CA A30135)

686 P2d 1044

Jay Edwards, Salem, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for rape in the first degree on the ground that the trial court did not orally give him all the statutorily required information before accepting his guilty plea. ORS 135.385(2). We dismiss the appeal for lack of jurisdiction.

██ ORS 138.050 permits an appeal from a conviction based on a guilty plea if the trial court "imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." On such an appeal, we may consider only "whether an excessive, cruel or unusual punishment has been imposed." In *State v. Reichert,* 39 Or App 905, 593 P2d 1298 (1979), and subsequent cases, we have also permitted appeals when procedural errors in accepting a guilty plea rendered the conviction voidable. However, the Supreme Court has recently undercut the basis for those decisions. In *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984), it read ORS 138.050 literally and held that the only issue available on a direct appeal from a conviction based on a guilty plea is the propriety of the sentence; any other error must be raised by post-conviction relief or habeas corpus, if it is reviewable at all. We conclude that *State v. Reichert, supra,* and similar cases are impliedly overruled. Because defendant's assignments of error do not involve the sentence, we are without jurisdiction to consider them.[1]

Appeal dismissed.

---

[1] We recognize the possibility that our holding will leave defendant with no recourse for the trial court's alleged error, because statutory violations are not reviewable in post-conviction relief. ORS 138.530. It is not certain, however, that defendant will be without relief. The state has consistently argued that a defendant may raise issues of this kind by post-conviction relief, *see State v. Clevenger, supra,* 297 Or at 239 n 6, and it may be correct. The issues defendant raises have constitutional overtones; even if they did not, the trial court's failure to follow the statutory requirements may be a denial of the right to trial guaranteed by Or Const, Art I, § 11. *See State v. Clevenger, supra,* 297 Or at 247 (Linde, J., concurring). Constitutional violations are cognizable in post-conviction proceedings. ORS 138.530(1). Resolution of these questions must, however, await another day.