Submitted on record and briefs December 13, 1984, appeal dismissed May 1, 1985

STATE OF OREGON,
*Respondent,*

*v.*

DAVID SAMUEL NATHAN,
*Appellant.*

(B65-716; CA A31476)

698 P2d 1052

Patricia A. Vallerand and Leistner & Vallerand, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on his plea of guilty of theft in the second degree. ORS 164.045. He contends in the first claim of error that the court erred

"* * * IN NOT MAKING A RECORD WHICH CLEARLY DEMONSTRATES [THAT] DEFENDANT'S DECISION TO WAIVE COUNSEL WAS THE PRODUCT OF AN INTELLIGENT AND UNDERSTANDING CHOICE."

In the second assignment, he contends:

"THE COURT ERRED IN ACCEPTING DEFEN-DANT'S GUILTY PLEA WITHOUT PROPERLY ASCER-TAINING THAT THE PLEA WAS MADE VOLUN-TARILY AND INTELLIGENTLY."

He contends that his appeal is taken pursuant to ORS 138.040.

The state, citing *State v. McCallister,* 69 Or App 560, 686 P2d 1044, *rev den* 298 Or 172 (1984), contends that the appeal should be dismissed. We agree.

Because defendant has appealed a judgment of conviction entered after his plea of guilty, the issues he can raise on appeal are controlled by ORS 138.050. *See State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984). The assignments of error are not cognizable on direct appeal after a plea of guilty. *State v. McCallister, supra.*

Appeal dismissed.[1]

---

[1] Because defendant appealed from a final judgment, dismissal of the appeal is probably not the appropriate ruling. The issues he raises are not *reviewable* on appeal from a judgment of conviction based on a plea of guilty, but that would not seem to be a matter of jurisdiction. However, we dismiss the appeal in order to be consistent with the action of the Supreme Court in *State v. Clevenger, supra.*