Submitted on·respondent's motion to dismiss filed July 16, 1986, appeal dismissed March 25, reconsideration denied May 1, petition for review denied May 27, 1987 (303 Or 455)

## STATE OF OREGON,
*Respondent,*

*v.*

## KEVIN LEE FREUDENTHALER,
*Appellant.*

## (85-2404C2; CA A38270)

734 P2d 894

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, appeared for the motion.

Thad M. Guyer, Medford, contra.

Before Young, Presiding Judge, and Warren and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant pled guilty to a charge of robbery, and the trial court entered judgment. Defendant appeals, assigning as errors alleged defects in the trial court's acceptance of his guilty plea and its refusal to allow him to withdraw the plea. The state moves to dismiss the appeal on the ground that we lack jurisdiction to consider the issues raised because of the limitations on appeal in ORS 138.050,[1] which at the relevant time provided, in pertinent part:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual, or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. * * * On such appeal, the appellate court shall only consider the question whether an excessive, cruel, or unusual punishment has been imposed."

Defendant contends that he has a right to appeal under ORS 138.040, which gives the Court of Appeals general appellate jurisdiction from a conviction in district or circuit court. He argues that we can consider his assignments of error, because ORS 138.050, which limits our scope of review of convictions based on guilty pleas, is unconstitutional. The state's position is that we do not have jurisdiction to address defendant's assignments of error or to consider his constitutional challenge to ORS 138.050. If defendant is correct that ORS 138.050 is unconstitutional, then we have jurisdiction to consider his alleged errors under ORS 138.040.

ORS 138.050 clearly limits an appeal from a conviction based on a guilty plea to a challenge to the sentence. *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984). Defendant argues, relying on *City of Klamath Falls v. Winters,* 289 Or 757, 619 P2d 217 (1980), that the limitations of ORS 138.050 violate the federal Equal Protection Clause and Article I, section 20, of the Oregon Constitution. In *Klamath Falls,* the court considered the constitutionality of ORS 221.360, which grants the right to appeal from municipal court convictions to circuit courts but not to the Court of Appeals unless the constitutionality of the underlying municipal ordinance is challenged.

---

[1] The 1985 amendments to the statute were effective January 1, 1986. The amendments are not involved and have no effect on the issue in this appeal.

The court rejected the argument that ORS 221.360 violates either the Equal Protection Clause or Article I, section 20, concluding that, although defendants convicted in district courts can appeal to the Court of Appeals and those convicted in municipal courts are afforded a trial *de novo* in circuit court instead, there are advantages to each system and the distinctions between the two classes created by the differing appellate rights are not unconstitutionally unequal.

Defendant argues that, unlike ORS 221.360, ORS 138.050 creates impermissible distinctions between the classes of defendants who plead guilty and those who do not. He asserts that those who plead guilty are limited to challenging their sentences; they are precluded from appeal of statutory errors, even in post-conviction proceedings,[2] and do not have the right to both a direct appeal and post-conviction challenge. He argues that those who do not plead guilty have none of these limitations and, therefore, unlike the two distinct systems of appeal in *Klamath Falls,* the limitations create disadvantages with no countervailing advantages.

■   Defendant overlooks a key difference between *Klamath Falls* and this case. In *Klamath Falls,* the defendants did not choose the forum for their prosecution. They were tried in municipal court, and conviction in that court determined their rights to appeal. Here, by contrast, defendant could freely choose whether to put himself within the class for which he now claims unequal and more favorable treatment. He had the choice to bring himself within the "favored class" created by the statute by pleading not guilty. Having chosen to

---

[2] Defendant argues that those who plead guilty have no right of review of statutory trial errors, even through post-conviction proceedings. This issue has not been resolved. As we noted in *State v. McCallister,* 69 Or App 560, 561 n 1, 686 P2d 1044, *rev den* 298 Or 172 (1984):

"We recognize the possibility that our holding will leave defendant with no recourse for the trial court's alleged error, because statutory violations are not reviewable in post-conviction relief. ORS 138.530. It is not certain, however, that defendant will be without relief. The state has consistently argued that a defendant may raise issues of this kind by post-conviction relief, see *State v. Clevenger,* [297 Or 234, 239 n 6, 683 P2d 1360 (1984)], and it may be correct. The issues defendant raises have constitutional overtones; even if they did not, the trial court's failure to follow the statutory requirements may be a denial of the right to trial guaranteed by Or Const, Art I, § 11. *See State v. Clevenger, supra,* 297 Or at 247 (Linde, J., concurring). Constitutional violations are cognizable in post-conviction proceedings. ORS 138.530(1). Resolution of these questions must, however, await another day."

plead guilty, he has all the privileges which are available to all others who have chosen to put themselves within that class. ORS 138.050 does not create impermissible distinctions.[3]

■■ Defendant next argues that ORS 138.050 is unconstitutional under Article IV, section 20, of the Oregon Constitution,[4] because the title of the act which enacted it reads: "authorizing an appeal from a sentence on a plea of guilty," but the statute instead limits an appeal. The purpose of the title of a statute was discussed in *State v. Laundy,* 103 Or 443, 456, 204 P 958, 206 P 290 (1922):

> "The office of the title is to advise the members of the legislature of the subject of the proposed legislation, but the details must be found in the body of the measure. If the subject of the enactment is so expressed in the title as to give reasonable notice of the contents of the law, it is sufficient * * *." (Citation omitted.)

The title sufficiently covers the provisions of the act. *See Tompkins v. District Boundary Board,* 180 Or 339, 345, 177 P2d 416 (1947).[5]

There is no constitutional infirmity in ORS 138.050.

---

[3] The distinctions between the appellate rights are supported by the state's legitimate interest in controlling costs and by the fact of crowded dockets. *See City of Klamath Falls v. Winter, supra,* 289 Or at 773.

[4] Article IV, Section 20, provides:

> "Every Act shall embrace but one subject, and matters properly connected therewith, which subjects should be expressed in the title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be expressed in the title.

> "This section shall not be construed to prevent the inclusion in any amendatory Act, under a proper title, of matters otherwise germane to the same general subject, although the title or titles of the original Act or Acts may not have been sufficiently broad to have permitted such matter to have been so included in such original Act or Acts, or any of them."

[5] Defendant also challenges the statute as violating Article I, section 13, of the Oregon Constitution, which provides:

> "No person arrested, or confined in jail, shall be treated with unnecessary rigor.—"

Defendant seeks to expand "unnecessary rigor" beyond the interpretations which have dealt with conditions of confinement. However, the historical analysis of the section in *Sterling v. Cupp,* 290 Or 611, 617, 625 P2d 123 (1981), makes it clear that the provision is directed to prison practices. We decline to expand the interpretation of the provision to cover defendant's argument that limitations on the scope of review of an appeal constitute a "treatment" which is "unnecessarily restrictive, strict, and harsh" within the protection of Article I, section 13.

We are without jurisdiction to consider the issues that defendant raises on appeal.

Appeal dismissed.