Submitted on record and briefs November 20, 1987, appeal dismissed
February 10, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## ERWIN VICTOR ZELL,
*Appellant.*

(86-D-102580; CA A44311)

749 P2d 1196

Paul G. Crowley and Allen, Stortz, Fox & Susee, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, John A. Reuling, Jr., Assistant Attorney General, and Clyde E. Sniffen, Jr., Certified Law Student, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

* Joseph, C. J., *vice* Young, J., deceased.

**WARDEN, P. J.**

Defendant appeals his conviction for harassment, contending that the trial court erred in denying his motion to withdraw his previously entered plea of no contest.

Defendant was charged with assault in the fourth degree. He pled no contest to an amended charge of harassment and entered into a diversion agreement with the Marion County District Attorney. The trial court stayed the proceeding for 180 days to allow defendant to complete a program of counselling pursuant to the agreement. When defendant failed to complete the program successfully, the state moved for an order terminating the diversion. Defendant responded by moving for an order allowing him to withdraw his previously entered plea. The court denied the motion, terminated the diversion stay, entered a judgment of conviction for harassment and sentenced him. Defendant contends on appeal that the trial court erred in denying his motion, because the totality of the circumstances indicated that the plea was not entered knowingly, intelligently and voluntarily.

The state argues that we have no jurisdiction to decide the issue, relying on *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984), and *State v. Freudenthaler,* 84 Or App 531, 734 P2d 894, *rev den* 303 Or 455 (1987). In *Freudenthaler,* following the Supreme Court's decision in *Clevenger,* we stated that ORS 138.050 "clearly limits an appeal from a conviction based on a guilty plea to a challenge to the sentence." 84 Or App at 533. ORS 138.050, by its own terms, applies equally to appeals from convictions based on pleas of no contest. Accordingly, we have no jurisdiction on direct appeal to decide the issue defendant presents.

Appeal dismissed.