Argued and submitted December 23, 1997, appeal dismissed April 1, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## MUHAMED BALUKOVIC,
*Appellant.*

## (9603-42006; CA A94389)

956 P2d 250

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from an order revoking his Multnomah County deferred sentencing program (DSP). He was charged with assault in the fourth degree, ORS 163.160(1), and harassment, ORS 166.065(2). Pursuant to plea negotiations, he pled guilty to the assault charge, and the count of harassment was dismissed. As part of the plea bargain, defendant agreed to enter into the DSP, a program for first time offenders in domestic violence cases. He was later found to be in violation of his DSP. After making that finding, the trial court entered a judgment of conviction and sentenced defendant. Because defendant appeals from a nonreviewable order, we dismiss his appeal.

To be eligible for a DSP, a defendant must plead guilty and agree to participate in a rehabilitation program. The court then enters an order in which it finds the defendant guilty and continues the case for purposes of sentencing. However, no judgment of conviction is entered at that time. If a defendant succeeds in the program, the court sets aside the guilty plea, and the charge is dismissed with prejudice. If a defendant does not complete the program, then the court holds a hearing to determine whether the defendant's DSP should be revoked. If the DSP is revoked, the court enters a judgment of conviction on the guilty plea and imposes sentence.

In this case, defendant was found to be out of compliance with his DSP. The court entered a judgment of conviction for assault and sentenced him to 30 days in jail and 18 months' probation. Defendant does not contend that the 30-day jail sentence and the 18-month probation term exceed the maximum sentence allowed by law for a conviction for assault in the fourth degree. Rather, he argues that the trial court erred in revoking his DSP because he failed to comply with its condition that he enroll in an English language education class and because the trial court failed to furnish him with a competent interpreter at the revocation hearing.[1] In

---

[1] According to defendant, the condition that he enroll in an English class is unrelated to his crime and therefore is unlawful. Defendant also argues that his

that light, the state argues that defendant's assignments of error are not reviewable under ORS 138.050, which provides, in part:

"(1)  A defendant who has pleaded guilty or no contest may only take an appeal from a judgment or order described in ORS 138.053 where the disposition:

"(a)  Exceeds the maximum allowable by law; or

"(b)  Is unconstitutionally cruel and unusual.

"* * * * *

"(3)  On appeal under subsection (1) of this section, the appellate court shall only consider whether the disposition:

"(a)  Exceeds the maximum allowable by law; or

"(b)  Is unconstitutionally cruel and unusual."

The state argues that because defendant pled guilty, ORS 138.050 limits the scope of our review to whether his sentence is statutorily or constitutionally excessive, and, therefore, defendant's assignments of error are not reviewable.

Defendant counters by characterizing the order revoking his DSP as the functional equivalent of an order revoking probation or a suspended sentence. It follows, according to his argument, that our review under ORS 138.050 is authorized because of ORS 138.053(1)(e). The latter statute provides, in part:

"(1)  This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and 138.050. A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050 if this disposition includes any of the following:

"* * * * *

---

interpreter was incompetent and he did not receive a fair hearing because he was unable to understand the proceedings or participate in them. On appeal, defendant contends that ORS 45.275, which provides, in part, that "[t]he court shall appoint a qualified interpreter." At the hearing, a discussion occurred about whether the interpreter was interpreting accurately. At one point, the interpreter demanded an apology from the prosecutor because he believed that the state was accusing him of dishonesty. Eventually, defense counsel asked that the hearing proceed with the interpreter.

"(e) Imposes or executes a sentence upon revocation of probation or sentence suspension."

Thus, the premise to defendant's argument is that ORS 138.053 applies to the revocation of his DSP.[2]

■       When analyzing the meaning of a statute, we first look at the text and context of the statute to ascertain what the legislature intended. When considering the context of ORS chapter 138, we take into account the other ORS chapters that pertain generally to procedures in criminal matters. Each chapter addresses a step in the process, beginning with charging instruments through to trial, judgment and appeal. Thus, the phrase "upon revocation of probation or sentence suspension" in ORS 138.053(1)(e) finds context in ORS 137.010, which authorizes a trial court to enter a judgment of conviction and to impose sentence after entry of a guilty or no-contest plea or a guilty verdict. The imposition of a sentence of probation occurs as a form of sentence that is imposed as part of a judgment of conviction. *See, e.g.,* ORS 137.010(4).[3] A subsequent order revoking probation is an order arising out of the continuation of the sentencing process. Under ORS 138.053(1)(e), an order revoking probation is reviewable on appeal, even though the convicted person has pled guilty, in order to determine whether the sentence exceeds the maximum sentence allowable by law.

---

[2] Defendant's DSP agreement provides:

"This program is a privilege you may exercise only once. To take part in this program you must be eligible and you must do the following:

"\* \* \* \* \*

"During the treatment program, you will be continued on release subject to satisfactory compliance with the terms of the program agreement, release order, and any other conditions imposed by the court. If you violate the terms of any of these agreements, you may be returned to custody and the deferred sentencing program may be revoked. During the treatment period, your sentencing will be deferred until successful completion of the treatment period or until termination of the agreement. \* \* \*

"\* \* \* If you successfully comply with all program requirements, the district attorney will move for withdrawal of the guilty plea and dismissal of the charge. The court will then dismiss the charge with prejudice."

[3] ORS 137.010(4) provides, in part:

"If the court suspends the imposition or execution of a part of a sentence for an offense other than a felony committed on or after November 1, 1989, the court may also impose and execute a sentence of probation on the defendant for a definite or indefinite period[.]"

An order revoking a DSP differs from an order revoking probation because it occurs before a judgment of conviction is entered. A DSP order is not a statutory sentence. Under a DSP, a defendant is entitled to have the charge dismissed when the defendant successfully completes the program. In contrast, ORS 138.053(1)(e) pertains to post-judgment probation proceedings. When a defendant successfully completes probation, the sentence is satisfied, but the judgment of conviction remains, unless it is subsequently expunged. ORS 138.050 contemplates appeals only from excessive sentences after guilty pleas. It does not encompass review of orders that occur before the judgment of conviction. For these reasons, we are not persuaded that the legislature would have contemplated that an order revoking a DSP be treated within the meaning of ORS 138.053(1)(e) like an order revoking probation.

Defendant also argues that "[t]he deferral of the sentence in this program is a 'sentence suspension' for purposes of this appeal" within the meaning of ORS 138.053(1)(e). He asserts that the difference in language is only semantical because, in substance, a "suspended sentence" is the same as a "deferred sentence." Again, a "suspended sentence" under ORS 137.010 and the sentencing guidelines contemplates that the defendant has previously been convicted. The difference between a DSP and a suspended sentence is illuminated by the relief that defendant seeks. Defendant requests that we "reverse the trial court's finding that defendant violated the conditions of his DSP, and remand this case with instructions to continue defendant on DSP." If we were to grant defendant's request, it would require the reversal of the judgment of conviction entered on defendant's guilty plea. In contrast, a reversal of the revocation of a suspended sentence under ORS 138.053(1)(e) results in resentencing on the judgment of conviction. Once a defendant pleads guilty, ORS 138.050 clearly limits review to the sentence imposed and does not include review of the underlying proceedings that led to his conviction. *See, e.g., State v. Stevens*, 111 Or App 258, 260-61, 826 P2d 12 (1992) (holding that we have no authority to review a court's ruling on a demurrer, once a defendant has pled guilty).

Defendant also relies on our holding in *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992). In that case, the defendant pled guilty, was placed on probation, violated probation and was sentenced. The sentence included an order of restitution. We held that because the state failed to present evidence to establish the appropriate amount of restitution and that because the defendant was not afforded a hearing on the amount ordered, the restitution order could be reviewed under ORS 138.050. *Id*. at 419.

Defendant's reliance on *Anderson* is misplaced because its holding is limited to an error that occurred during the sentencing proceeding. In that case, we reviewed the *sentence of restitution* that the court imposed after the defendant was convicted on a guilty plea and determined that it exceeded the maximum sentence allowable by law. Because the trial court had not followed the statutory requirements when it imposed the sentence of restitution, the sentence itself violated ORS 138.050.[4] Consequently, we vacated the order of restitution and remanded for resentencing. In this case, defendant does not contend that the sentence imposed after his DSP was revoked is unlawful. Instead, he contends that he should be reinstated on his DSP, a disposition that could result in the dismissal of the charge.

In summary, the text of ORS 138.050 authorizes limited review of sentences that occur after the trial court has entered a judgment of conviction on a guilty plea. ORS 138.053 adds to that authority by making reviewable probation and suspended sentence proceedings that result directly in sentences that exceed the maximum allowable by law. Defendant's argument reaches beyond the authority of those statutes and would permit review of the underlying proceedings before any judgment of conviction occurs. It is apparent from the text and context of ORS 138.050 that the legislature has chosen not to authorize review of statutory violations

---

[4] In *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992), the defendant contended that the trial court violated ORS 137.106 because the state did not prove and defendant did not admit to the specific amount of restitution. The court held that because "[t]he record reveals that the state failed to 'investigate and present to the court, prior to or at the time of sentencing,' " the *restitution order* exceeded the maximum allowable by law. *Id*. at 420.

that occur before the entry of a judgment of conviction when a defendant enters a guilty plea. The state is correct that defendant's assignments of error are not reviewable.

Appeal dismissed.