Argued and submitted June 12, appeal dismissed October 31, 2007

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**EDWARD ANDERSON,**
*Defendant-Appellant.*

Klamath County Circuit Court
0302591CR; A128494

171 P3d 972

George W. Kelly argued the cause and filed the brief for appellant.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

### SCHUMAN, J.

Defendant appeals a judgment of conviction for attempted rape in the first degree. He contends that, by entering the conviction, the trial court violated the terms of a plea agreement to which the court had earlier agreed, and it also violated his right not to be tried more than once for the same offense. We dismiss the appeal.

When defendant was 16, he had sexual intercourse with an 11-year-old girl. His counsel and the Klamath County District Attorney negotiated a plea bargain containing two parts. First, defendant agreed to admit in juvenile court to conduct that, if committed by an adult, would constitute the crime of harassment, for which he would be placed on probation for three years. Second, he agreed to be tried as an adult for attempted rape in the first degree and to plead guilty, with the proviso that a conviction would not be entered and he would not be sentenced if he complied with certain conditions of probation, the nature of which are in dispute.

Within five weeks of his juvenile court disposition, defendant was found to have violated his probation by using a motor vehicle without the owner's authorization. Four months later, he was found to have violated his probation again, this time by lying to his probation officer and leaving school without authorization. And finally, approximately 16 months after pleading guilty to attempted rape, defendant was found to have touched or attempted to touch several minor females in a sexual or offensive manner. At a subsequent hearing, the court concluded that defendant had failed to meet the conditions of his plea agreement; the court therefore entered the attempted rape conviction that had been held in abeyance and imposed a sentence of 60 months' incarceration plus post-prison supervision.

On appeal, defendant raises three issues. First, he argues that, under the terms of his plea agreement, the court was not authorized to enter his guilty plea and convict him on the basis of a misdemeanor conviction; according to defendant, the plea would be held in abeyance unless he committed a "serious" probation violation, and the conduct at issue

here did not meet that standard. Second, he argues that, when he pleaded guilty, he did so without understanding the plea agreement, because that agreement was too vague to be understood. Third, he argues that his conviction in adult court resulted from being tried a second time for the same offense he was tried for in juvenile court, contrary to the former jeopardy provisions of the Oregon and United States constitutions.

The state filed a motion to dismiss defendant's appeal on the ground that defendant's claims could not be reviewed on appeal from a guilty plea under ORS 138.050. The motions panel of this court disagreed and denied the state's motion. However, we now conclude that defendant's claims are not reviewable, and we dismiss the appeal.

ORS 138.050 "limits an appeal from a conviction based on a guilty plea to a challenge to the sentence." *State v. Freudenthaler*, 84 Or App 531, 533, 734 P2d 894, *rev den*, 303 Or 455 (1987) (citing *State v. Clevenger*, 297 Or 234, 683 P2d 1360 (1984)). The statute provides:

"(1)   Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 [including a judgment that includes imposition of a sentence or conviction] only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."[1]

Here, defendant challenges neither the duration of his sentence nor its constitutionality; he challenges the court's authority to enter the judgment of conviction. Nevertheless, he argues that we may review his assignments of error because his guilty plea "was not a true plea"; rather, it was something similar to what a defendant offers in a diversion agreement. He then argues that a court's decision to revoke a diversion agreement is substantively reviewable, noting that we reviewed such a decision in *State v. Cardew*,

---

[1] The exception provided for in ORS 135.335 applies only to conditional guilty pleas, and is not relevant in this case.

168 Or App 610, 7 P3d 631 (2000). By analogy, he concludes, the court's decision to revoke the plea agreement in this case is also substantively reviewable.

Defendant's reliance on *Cardew* is misplaced. The defendant in that case did not plead guilty before entering the DUII diversion program or at any time thereafter; rather, "the * * * charge was stayed pending successful completion or termination of the diversion agreement." *Cardew*, 168 Or App at 612. At that time, a defendant seeking diversion could do so without entering a plea; ORS 813.200(4)(a), requiring a defendant in a diversion program to enter a plea of guilty or no contest, was enacted in 2003. Or Laws 2003, ch 816, § 1(4)(a). Indeed, in another case in which a defendant did plead guilty before entering a diversion program and the defendant's conviction was entered after the defendant failed to complete the diversion program, we held that the defendant's claims were *not* reviewable because they were not claims related to his sentence. *State v. Zell*, 89 Or App 394, 749 P2d 1196 (1988). We came to the same conclusion in *State v. Balukovic*, 153 Or App 253, 956 P2d 250 (1998). The defendant in *Balukovic* entered a deferred sentence program that required him to plead guilty to an assault charge, but provided that the judgment of conviction would not be entered unless he failed to complete a rehabilitation program. The court found that the defendant was out of compliance with the deferred sentence program and entered a judgment of conviction for assault. *Id.* at 255. When the defendant appealed on the ground that the trial court erred in revoking his deferred sentence agreement, we held that his assignments of error were not reviewable. *Id.* at 260.

The arrangement created by defendant's plea agreement in this case functioned in the same way as the diversion program in *Zell* and the deferred sentence program in *Balukovic*. As were the defendants in both of those cases, defendant here was required to plead guilty, with the proviso that a conviction would not be entered unless he failed to meet a condition. As it did in *Zell* and *Balukovic*, the trial court here found that defendant had failed to comply with the requirements of his probation, and as a result, the court here (as did the courts in *Zell* and *Balukovic*) entered the judgment of conviction. And as we held in both *Zell* and

*Balukovic*, in such situations, ORS 138.050 precludes us from reviewing anything other than the disposition. Accordingly, we cannot review defendant's assignments of error.

Appeal dismissed.