Submitted December 5, 2008, appeal dismissed January 7, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WARREN MATTHEW BROWN,
*Defendant-Appellant.*

Multnomah County Circuit Court
060343162; A132931

199 P3d 890

Warren Brown filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant, who pleaded guilty to fourth-degree assault, ORS 163.160, appeals his conviction, arguing that the trial court erred in accepting his guilty plea because he felt pressured to take the offered plea bargain.[1] The state responds that defendant may not appeal under these circumstances, given the strictures of ORS 138.050(1), which provides:

"Except as otherwise provided in ORS 135.335 [concerning conditional pleas, not at issue here], a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

As explained below, we agree with the state and, therefore, dismiss the appeal.

In *State v. Stubbs*, 193 Or App 595, 604, 91 P3d 774 (2004), we explained that ORS 138.050(1) "embodies a jurisdictional limitation on appeal." That is, unless a defendant makes a colorable showing that the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual, we must dismiss the appeal for lack of jurisdiction.

In this case, defendant is not challenging his sentence; instead, he appears to be asserting that his conviction should be reversed because his plea was involuntary. That argument is not cognizable under ORS 138.050(1). *See, e.g.*, *State v. Zell*, 89 Or App 394, 749 P2d 1196 (1988) (reaching same result under earlier version of ORS 138.050).

Appeal dismissed.

---

[1] Defendant received a deferred sentence pursuant to the plea agreement. The court entered defendant's conviction after his deferred sentence was revoked.