Argued and submitted October 31, appeal dismissed December 12, 2012, petition for review denied July 3, 2013 (353 Or 788)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT JAMES LANDAHL,
*Defendant-Appellant.*

Multnomah County Circuit Court
060140795; A146189

292 P3d 646

Lewis Bridgers Lawrence, Judge.

David L. Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney in Charge, Criminal Appeals, argued the cause for respondent. With

him on the briefs were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Brewer, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.*

BREWER, P. J.

---

* Wollheim, J., *vice* Armstrong, P. J.

## BREWER, J.

Defendant, who appeals a judgment convicting him of driving under the influence of intoxicants (DUII), argues that the trial court erred in setting aside its previous dismissal of the charge and in entering a judgment based on his guilty plea made upon his entry into a diversion program. Defendant asserts that we have jurisdiction over this appeal pursuant to ORS 138.050(1)(a). The state asserts that we do not. As explained below, we conclude that the state is correct; accordingly, we dismiss the appeal.

The pertinent facts are procedural and not in dispute. Defendant was charged with DUII in January of 2006 and petitioned to enter diversion. On March 1, 2006, the trial court granted defendant's petition, pursuant to which defendant made a plea of no contest to the DUII charge. The diversion and plea agreement provided that defendant understood that, if he fully complied with the conditions of the diversion agreement, the court would dismiss the charge with prejudice pursuant to ORS 813.250, but that, if defendant failed to comply with the agreement within the diversion period, the court would enter a judgment of conviction based on defendant's plea. Conditions of the diversion agreement required defendant to participate in treatment and prohibited him from operating a motor vehicle while under the influence of intoxicants.

In March 2007, the court extended the diversion period for 180 days to allow defendant to complete his required treatment. On August 22, 2007, defense counsel filed a motion to terminate diversion, asserting that defendant had successfully completed the diversion requirements. The state did not oppose that motion, so the trial court granted it on September 11, 2007, and the court entered an order dismissing the charge. Shortly thereafter, however, the state discovered that defendant had, in fact, driven under the influence of intoxicants on August 17, 2007, approximately a week before he had filed his motion to terminate diversion. The state moved to set aside the judgment dismissing the DUII charge and to terminate defendant's diversion based on his violation of the diversion agreement. The trial court granted the state's motion on November 19, 2007, indicating

that it was vacating the judgment due to "surprise" and "misrepresentation by defendant." On December 15, 2007, the court issued a bench warrant for defendant's arrest. Defendant was apprehended on the warrant in April 2010 and, at that point, moved to set aside the November 2007 order vacating the September 2007 judgment of dismissal. The trial court denied defendant's motion, entered a judgment of conviction based on defendant's original no contest plea, and imposed a sentence of probation.

Defendant appeals that judgment pursuant to ORS 138.050. Defendant challenges the trial court's denial of his motion to set aside the November 2007 order vacating the prior judgment, and he asks this court to "reverse his conviction and sentence and remand for entry of an order dismissing the DUII charge." Defendant recognizes, however, that in order to do so, we must first address whether this appeal is cognizable under ORS 138.050, which limits a defendant's appeal in situations where a defendant has entered a plea of guilty or no contest.

ORS 138.050 provides, in part:

"(1)   Except as otherwise provided in ORS 135.335,[1] a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual.

"* * * * *

"(3)   On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

Defendant argues that the "judgment contains two dispositions that exceed the maximum allowable by law—

---

[1] ORS 135.335 allows a defendant in some circumstances to enter a plea while reserving the right to appeal from an adverse determination. That statute is not at issue in the present case.

the DUII conviction and the sentence—because the trial court had no authority to impose either after the case had been dismissed." Thus, defendant posits that ORS 138.050 allows him to appeal, and allows this court to review a challenge to, his conviction. As explained below, neither the text of the pertinent statutes when read in context, nor the prior opinions of the appellate courts, ultimately support defendant's reading of ORS 138.050.

Defendant's position rests on the assumption that his conviction is a "disposition," as that term is used in ORS 138.050(1), and the related assumption that a conviction that is legally flawed necessarily is one that "exceeds the maximum allowable by law." The term "disposition," as used in this context, is a legal term of art that can mean, broadly speaking, "[a] final settlement or determination <the court's disposition of the case>." *Black's Law Dictionary* 505 (8th ed 2004). Under that broad definition, defendant's proposition—that a conviction is a disposition—could be correct. However, ORS 138.050(1) refers to "disposition" in the context of orders or judgments "described in ORS 138.053." ORS 138.053, in turn, provides:

"(1)  A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the *disposition* includes any of the following:

"(a)  Imposition of a sentence on conviction.

"(b)  Suspension of imposition or execution of any part of a sentence.

"(c)  Extension of a period of probation.

"(d)  Imposition or modification of a condition of probation or of sentence suspension.

"(e)  Imposition or execution of a sentence upon revocation of probation or sentence suspension.

"(2)  A disposition described under subsection (1) of this section is not subject to appeal after the expiration of the time specified in ORS 138.071 for appealing from the judgment or order imposing it, except as may be provided in ORS 138.510 to 138.680.

"(3)   Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order described in subsection (1)(c) to (e) of this section, the appellate court may review the order that extended the period of the defendant's probation, imposed or modified a condition of the defendant's probation or sentence suspension or revoked the defendant's probation or sentence suspension if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

(Emphasis added.) That statute, in short, provides that a disposition "includes" various matters pertaining to a sentence or probation. It refers to the disposition in conjunction with "the appeal provisions and limitations on review under ORS 138.040 and 138.050." As noted, ORS 138.050 allows appeal and review if the "disposition" is one that exceeds the maximum allowable by law or is cruel and unusual. ORS 138.040, by contrast, authorizes the appellate court not only to review dispositions that exceed the maximum allowable by law or are cruel and unusual, ORS 138.040(1)(b), but also to review "[a]ny *decision* of the court in an intermediate order or proceeding." (Emphasis added.) Thus, were the present case proceeding under ORS 138.040, there is no doubt that the "decision of the court" in the "intermediate order" from November 2007 that defendant seeks to challenge here would be reviewable on appeal.

Put another way, if defendant's understanding of "disposition" is correct, and "disposition" includes the conviction itself and any error in the proceeding that potentially affects the validity of that conviction, then ORS 138.040 and ORS 138.050 both offer an equally broad scope of review. As a purely textual matter, that seems unlikely. Where a statute contains "several provisions or particulars," we attempt to construe it to "give effect to all." ORS 174.010. Generally, "we assume that the legislature did not intend any portions of its enactments to be meaningless surplusage." *State v. Stamper*, 197 Or App 413, 417, 106 P3d 172, *rev den*, 339 Or 230 (2005). If defendant were correct that ORS 138.050 allows appellate review in the same manner as ORS 138.040, it is difficult to perceive why the legislature would have enacted both statutes, much less have included

additional text in ORS 138.040 that specifically allows appellate review of intermediate orders.

In sum, from a purely textual view of ORS 138.050 and related statutes, defendant's proposed construction is problematic. Prior case law, and the legislative history of ORS 138.050 described therein, however, definitively demonstrates that defendant's broad interpretation of ORS 138.050 is not what the legislature intended. *See generally State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (in interpreting a statute, we look primarily to the text in context, in light of any pertinent legislative history); *SAIF v. Walker*, 330 Or 102, 108-09, 996 P2d 979 (2000) (prior case law forms part of a statute's context).

In *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011), the court reviewed at length the history of ORS 138.050, including each version of its predecessor enactments dating from the original in the early 1900s through the present version of the statute, the court's case law interpreting it, and the legislative history of various changes. *Id.* at 77-104. The text at issue here traces back to a version of the statute providing that "imprisonment shall not in any event exceed the maximum term provided by law." *Id.* at 77 (quoting Lord's Oregon Laws, title XVIII, ch XI, § 1592 (1910)). The court's earliest interpretation of the statute was that "the effect of a guilty plea is to admit the facts as charged in the indictment; but that does not preclude a defendant who has so pleaded from advancing purely legal challenges to the lawfulness of the conviction or sentence." *Cloutier*, 351 Or at 77 (citing *State v. Lewis*, 113 Or 359, 361-62, 230 P 543 (1924), *on reh'g*, 232 P 1013 (1925)). Thereafter, the legislature enacted a restriction providing that, when a defendant had pleaded guilty, the appellate court was only to consider whether an excessive fine had been imposed or a cruel, unusual, or disproportionate sentence had been inflicted. *Cloutier*, 351 Or at 78 (citations omitted). Subsequently, the court decided *State v. Jairl*, 229 Or 533, 368 P2d 323 (1962), where a defendant who had pleaded guilty argued on appeal that the trial court had erred in failing to dismiss the charge. The court held that *Lewis* had been legislatively overruled; accordingly, the court held that the issue that the defendant sought to raise was not cognizable under ORS 138.050 and

ORS 138.040 was the only statute "with language broad enough to justify an appeal of the grounds submitted by the defendant." *Id.* at 539. The court further observed that the defendant's remedy was not through direct appeal but, rather, through the Post-Conviction Hearing Act. *Id.* at 542.

In *Cloutier*, the court reviewed the alterations of ORS 138.050 that were enacted during the 1970s and 1980s, including a version of the statute that allowed a defendant who had entered a plea to appeal a judgment that imposed a "sentence" that was cruel, unusual, or "excessive in light of the nature and background of the offender or the facts and circumstances of the offense." 351 Or at 80 (quoting ORS 138.050 (1977)). Under that version of the statute, the court decided *State v. Clevenger*, 297 Or 234, 683 P2d 1360 (1984). In *Clevenger*, the defendant had entered a plea of no contest, and sought to argue on appeal that the trial court had erred in entering a conviction based on his plea because the factual basis for the plea was insufficient. The court rejected the defendant's argument that the issue was reviewable and adhered to its prior interpretation of the statute in *Jairl*.

Because of the earlier statutory change that had introduced the issue of whether a sentence was "excessive in light of the nature and background of the offender or the facts and circumstances of the offense," this court became inundated with appeals challenging sentences under that provision. *See Cloutier*, 351 Or at 84 (so noting). In 1985, the legislature amended ORS 138.050, at the request of the Judicial Department, to remove that language and, in essence, return the statute to its prior form. In *State v. Loyer*, 303 Or 612, 740 P2d 177 (1987), a defendant who had pleaded guilty attempted to raise on appeal an issue concerning the cross-examination of a state's witness at a sentencing proceeding. Noting that the recent amendment of the statute had considerably narrowed its scope, the court rejected the defendant's argument on the ground that he had not established that a "procedural flaw prevents us from determining upon appellate review whether the sentence 'exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual.'" *Id.* at 617 (quoting ORS 138.050 (1985)).

Most pertinent to the issue in this case, ORS 138.050 was amended in 1989, and the word "disposition" was substituted for the word "sentence." As the court explained in *Cloutier*:

"The amendments were prompted by uncertainty about whether a term of probation was within the meaning of the 'sentence' that a defendant could challenge on appeal under ORS 138.040. In *State v. Carmickle*, 307 Or 1, 6-7, 762 P2d 290 (1988), this court concluded that, although an order of probation was appealable on other grounds, it was not a 'sentence' within the meaning of ORS 138.050.

"House Bill (HB) 2470 (1989) was introduced in direct response to *Carmickle* to make clear that probation is among the categories of sentencing decisions that are subject to the appellate jurisdiction of the courts. Among other things, the bill proposed to amend both ORS 138.040 and ORS 138.050 by replacing the word 'sentence' with the word 'disposition.' A new provision then specified that an appealable disposition includes [those specified in ORS 138.053(1)]."

351 Or at 91. The court further noted, in reviewing the legislative history of the 1989 amendments, that the legislature had declined to adopt an amendment proposed by the American Civil Liberties Union that would have broadened the scope of review under ORS 138.050 to allow the court to review constitutional issues beyond whether a disposition was "cruel and unusual." *Id.* at 92-94.

With the stage so set, before returning to *Cloutier*, we turn briefly to our own case law interpreting the post-1989 versions of ORS 138.050.[2] In *State v. Anderson*, 113 Or App 416, 418, 833 P2d 321 (1992), we held that a challenge to the amount of restitution imposed after entry of a guilty plea was reviewable under ORS 138.050; we suggested that, by replacing the word "sentence" with "disposition," the legislature intended to broaden our review, indicating that a disposition exceeds that allowable by law if it is imposed inconsistently with statutory requirements. In *State v. Summerlin*, 139 Or App 579, 913 P2d 340 (1996), the defendant, who had pleaded guilty to numerous charges,

---

[2] As the court noted in *Cloutier*, there have been minor amendments to the statute since 1989. 351 Or at 94 n 2. Those changes did not affect the text at issue here.

argued on appeal that the trial court had erred in failing to merge several of his convictions. We held that that issue was properly before us pursuant to ORS 138.050(1), because "a disposition exceeds the maximum allowed by law if it is not imposed consistently with statutory requirements." *Id.* at 582; *see also State v. Bowers*, 234 Or App 301, 227 P3d 822, *rev den*, 348 Or 621 (2010) (adhering to *Summerlin* and holding that failure to merge convictions was appealable under ORS 138.050(1)).

Similarly, in *State v. Stubbs*, 193 Or App 595, 91 P3d 774 (2004), we took an expansive view of "disposition" that "[e]xceeds the maximum allowable by law" as used in ORS 138.050. There, the defendant had pleaded guilty and a judgment was entered pursuant to his plea and stipulated sentencing agreement. Thereafter, the defendant began serving his sentence under the judgment, which provided in part that certain sentences would be served concurrently. *Id.* at 597. The state sought to have the trial court enter an amended judgment that imposed those sentences consecutively rather than concurrently, and the court did so. The defendant appealed from the amended judgment, arguing that the trial court lacked authority to amend the judgment because the sentences had been executed. *Id.* at 598. The state argued that ORS 138.050 only permitted appeals that challenged the length of a sentence, citing *Clevenger* and our decision in *State v. Woodard*, 121 Or App 483, 855 P2d 1139, *rev den*, 318 Or 26 (1993). In *Woodard*, we held that a defendant who had pleaded guilty to first-degree sodomy could not raise an issue under ORS 138.050 as to whether the conviction should instead have been for incest, stating that a defendant "may not, on direct appeal, take issue with a conviction to which he agreed to plead no contest." *Id.* at 485. In *Stubbs,* we noted that *Woodard* and *Clevenger* had concerned situations where "the purported error concerned the conviction itself, not the sentence." 193 Or App at 605. By contrast, we explained, in cases such as *Summerlin* and *Anderson*, the challenges were not to the convictions, but, in fact, concerned "dispositions" of the sort specified in ORS 138.053—that is, matters that, in effect, related to sentencing—and thus could be reviewed to determine whether they exceeded the maximum allowable by law

under ORS 138.050(1). *Id.*; *see also State v. Nave*, 214 Or App 324, 164 P2d 1219, *rev den*, 343 Or 690 (2007) (holding that a "disposition" encompassed revocation of driving privileges). We concluded that the defendant's challenge in *Stubbs* was essentially the same, because it concerned whether "the sentence imposed in this case was not imposed consistently with statutory requirements, because the trial court lacked authority to modify a sentence that had already been 'executed.'" 193 Or App at 607. *See also State v. Easton*, 204 Or App 1, 126 P3d 1256, *rev den*, 340 Or 673 (2006) (similarly concluding that a defendant could appeal from an amended judgment modifying his sentence based on an argument that the court lacked jurisdiction to amend the judgment).

In sum, our case law construing ORS 138.050 after the 1989 amendments does, in one sense, support defendant's assertion that "disposition" has been viewed broadly to include whether single or multiple convictions should have been entered, whether a court had jurisdiction to enter an amended judgment that affected a sentence, or whether driving privileges were properly revoked as the result of a conviction. On the other hand, the case law following *Clevenger* did not go so far as to allow a challenge to the underlying convictions. *See Stubbs*, 193 Or App at 605 (citing cases); *see also State v. Brown*, 225 Or App 207, 199 P3d 890 (2009) (defendant could not challenge voluntariness of guilty plea on appeal under ORS 138.050); *State v. Anderson*, 215 Or App 643, 171 P3d 972 (2007) (defendant could not challenge conviction pursuant to ORS 138.050 on the ground that the trial court failed to abide by terms of a plea agreement); *State v. Balukovic*, 153 Or App 253, 258, 956 P2d 250 (1998) (order revoking for deferred sentencing program was not appealable under ORS 138.050 because it did not contain a disposition as defined in ORS 138.053: ORS 138.050 "does not encompass review of orders that occur before the judgment of conviction"); *State v. Zell*, 89 Or App 394, 749 P2d 1196 (1988) (reaching same conclusion concerning challenge to conviction under earlier version of the statute).

Were it not for *Cloutier*, in this case, we probably would need to confront the tension in our own case law concerning ORS 138.050 and decide whether the present case is

more like *Stubbs* and *Eaton*, which permitted challenges to the court's jurisdiction to enter the judgment being appealed (although those cases, unlike this one, concerned the lawfulness of sentences rather than convictions), or more like the line of cases beginning with *Clevenger*, which, as noted, do not allow a defendant to challenge the conviction itself after a plea of guilty or no contest. As explained below, however, the court in *Cloutier* has provided a definitive answer.

In *Cloutier*, after reviewing the history of the statute described above, the court went on to address whether it had jurisdiction over the defendant's appeal under ORS 138.050(1)(a). In that case, as in the present case, the defendant had executed a plea agreement in order to enter a diversion program. 351 Or at 70. Thereafter, the defendant failed to complete his diversion and, in sentencing the defendant for DUII, the court imposed a fine in excess of the mandatory minimum but within the statutory limits, noting that it was doing so because he had pleaded "no contest at the time of entering diversion." *Id.* On appeal, the defendant sought to challenge the lawfulness of the fine on constitutional grounds, arguing that imposition of the fine violated the Due Process Clause of the United States Constitution. Thus, the court addressed the question whether the defendant's due process challenge was cognizable on the ground that it concerned a disposition that exceeded the maximum allowable by law. In holding that it did not, after reviewing the enactment history and legislative history of ORS 138.050, as well as its prior cases, the court provided the following analysis of the pertinent text in context:

"ORS 138.050 authorize[s] a defendant to appeal a 'disposition' instead of a 'sentence.' ORS 138.053(1) then specifies the five types of 'dispositions' that are appealable. The first two of the five types of appealable dispositions are the imposition of a sentence, ORS 138.053(1)(a), and the suspension of the imposition of any part of a sentence, ORS 138.053(1)(b). The latter three types of appealable dispositions concern imposing conditions of probation, ORS 138.053(1)(c), extending a period of probation, ORS 138.053(1)(d), or imposing a sentence upon revocation of probation, ORS 138.053(1)(e). On an appeal of a disposition of the first two types, the scope of the appellate court's review authority is limited to whether the disposition '[e]xceeds

the maximum allowable by law' or '[i]s unconstitutionally cruel and unusual.' ORS 138.050(3).

"But, on an appeal of a disposition of the latter three types, '[n]otwithstanding ORS 138.040 and [ORS] 138.050,' the appellate court may review more broadly for any 'colorable claim of error in the proceeding from which the appeal is taken.' ORS 138.053(3) (emphasis added). If defendant were correct that a disposition 'exceeds the maximum allowable by law' because of any error in the proceeding in which the disposition was imposed, then the expanded review authority that is specified in ORS 138.053(3) becomes surplusage, as the appellate court would already possess such authority under ORS 138.050. Indeed, defendant's proposed reading of the statute makes the introductory phrase, '[n]otwithstanding ORS 138.040 and [ORS] 138.050' meaningless."

351 Or at 99-100 (emphasis and brackets in *Cloutier*). Ultimately, in *Cloutier*, the court concluded that the defendant's challenge was not cognizable under ORS 138.050 because the defendant had not asserted that the disposition exceeded a "maximum expressed by means of legislation." *Id.* at 104.

That analysis in *Cloutier* provides a direct answer to the initial question posed in this case: Is a conviction a "disposition" for purposes of ORS 138.050? As analyzed in *Cloutier*, it is not. A "disposition" is one of the five things listed in ORS 138.053(1).[3] Thus, although the judgment being appealed in the present case does contain a disposition— it imposes probation—the question whether *that* disposition "[e]xceeds the maximum allowable by law," as that term has been interpreted in *Cloutier*, has not been raised in the present case. That is, defendant does not argue that the probationary sentence imposed in this case "exceeds a maximum expressed by means of legislation[.]"

---

[3] ORS 138.053(1) contains the following five specifics:

"(a) Imposition of a sentence on conviction.

"(b) Suspension of imposition or execution of any part of a sentence.

"(c) Extension of a period of probation.

"(d) Imposition or modification of a condition of probation or of sentence suspension.

"(e) Imposition or execution of a sentence upon revocation of probation or sentence suspension."

*Cloutier*, 351 Or at 104. Defendant's sole argument is that no "disposition" at all was appropriate in the present case, because no conviction should have been entered.

We recognize that our analysis in this case, following *Cloutier*, may call into question the analyses in some, although not all, of our prior cases discussed above. In particular, we note that *Cloutier* is consistent with our cases such as *Brown*, 225 Or App at 208, *Anderson*, 215 Or App at 647, and *Woodard*, 121 Or App at 485, indicating that a defendant who appeals pursuant to ORS 138.050 may not challenge the validity of the conviction to which he or she pleaded. We need not, at this juncture, attempt to determine which, if any, of our other prior cases are consistent with various aspects of *Cloutier*.[4] Suffice it to say that, in light of the legislative history and the statutory analysis set out in *Cloutier*, we are convinced that our prior cases holding that the validity of a conviction may not be challenged in an appeal pursuant to ORS 138.050 are sound and that this case is not materially distinguishable from those cases. Because the gravamen of defendant's argument here concerns whether any conviction should have been entered, his appeal must be dismissed.

Appeal dismissed.

---

[4] In particular, we note that the court in *Cloutier*, a misdemeanor case, opined that review of sentences for felonies is "governed by ORS 138.222. ORS 138.040 and ORS 138.050 now apply only to appeal and review of sentences for misdemeanor offenses." *Cloutier*, 351 Or at 91. The present case, like *Cloutier*, involves a misdemeanor. A number of our prior cases interpreting ORS 138.050, however, involved felonies. An examination of each of those cases in light of what the *Cloutier* court had to say about ORS 138.222 is beyond the scope of what we need to decide in the present case.